# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------ x

CLARENCE BOWEN ALLEN, BRENDA
BERMAN, ANNETTE BIRDSONG, WILLIAM
HENRY, JOSE JACOB, JACQUELINE KING,
SUSAN LAMONICA, JEAN PHIPPS, ROSLYN
PRESS, HERBERT RICHARDSON, VIRGINIA
TUFARO, on behalf of themselves and on behalf of
all other similarly situated individuals,

**SUMMONS WITH NOTICE**

Index No.: _____

Date Index No. Purchased:
December 13, 2018

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK; NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION;
and JACOBI MEDICAL CENTER,

                              Defendants.

------------------------------------------------------------------------ x

TO THE ABOVE-NAMED DEFENDANTS:

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this
action by serving a notice of appearance on the Plaintiffs at the address set forth below within 20
days after the service of this Summons (not counting the day of service itself), or within 30 days
after service is complete if the Summons is not delivered personally to you within the State of New
York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment
will be entered against you by default for the relief demanded below.

Dated:  December 13, 2018
        New York, New York

                              _____
                              Erica T. Healey-Kagan
                              THE KURLAND GROUP
                              *Attorneys for Plaintiffs*
                              85 Broad Street, 28th Floor
                              New York, NY 10004
                              212-253-6911

1

## NOTICE PURSUANT TO CPLR § 305

Defendant City of New York:                    New York City Hall
                                               250 Broadway
                                               New York, NY 10007

Defendant NYC                                  125 Worth Street
Health and Hospitals Corporation:              New York, NY 10013

Defendant Jacobi Medical Center:               1400 Pelham Parkway South
                                               Bronx, NY 10461

Notice: The nature of this action are claims of intentional and unintentional discrimination against Plaintiffs based on age and race including but not limited to violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. § 623, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, the Uniform Guidelines on Employee Selection Procedures (1978), 29 CFR § 1607, the New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, the New York City Human Rights Law, Administrative Code and Charter, § 8-101, *et seq.*, as well as violations of the labor laws of the United States, New York State, and New York City, Defendants' employment policies, and the Rules and Regulations of the City of New York, as well as Breach of Contract based on Defendants' unlawful employment policies and/or practices.

The nature of this action is more fully detailed in the underlying Charges of Discrimination, which were filed with the Equal Employment Opportunity Commission ("EEOC") on December 4, 2017, and are incorporated and made part of this Notice and attached hereto as **Exhibits A**. The EEOC issued Notices of Right to Sue pursuant to these Charges of Discrimination on September 15, 2018, attached here as **Exhibit B.**

2

Relief Sought: The relief sought includes but is not limited to back pay, front pay, compensatory and punitive damages, as well as attorneys' fees, expenses, costs, and interest. Should Defendants fail to appear herein, judgment will be entered by default for an amount to be determined later, but not less than Fifteen Million Dollars ($15,000,000.00) with interest as well as attorneys' fees, expenses, and costs.

Venue: Plaintiffs designate New York County as the place of trial. The basis of this designation is the Defendants' principal place of business is in New York County.

# EXHIBIT

# A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| _X_ EEOC | |

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Clarence Bowen Allen | (917)690-2090 | 09-27-1956 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 12128 198th St. | Jamaica, NY 11413 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Health & Hospitals | 30,000+ | (212) 788-3321 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 125 Worth St. Rm. 514 | New York, New York 10013 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of New York | 250,000+ | (212) 669-3916 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| One Centre Street | New York, New York | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

_X_ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (*Specify below.*)

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest          x Latest 6/1/2017 |
| ___ CONTINUING ACTION |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

DEC 0 4 2017

DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center       2,000-5,000 employees       Phone No. (718) 918-5000
1400 Pelham Parkway South          Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

See attached Affidavit, which outlines claims of discrimination based on age and/or race in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | *CABowr AlQn* |
| 11/30/17 *CABowr AlQn* | *Kelly Belle Cullum* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| Date          *Charging Party Signature* | KATHLEEN BELLE CULLUM NOTARY PUBLIC, STATE OF NEW YORK Registration No. 02CU6364515 Qualified in New York County |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to:    Agency(ies) Charge No(s):

\_\_\_\_ FEPA

_X_ EEOC

New York State Division of Human Rights    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr. Ms. Mrs.)* | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Brenda Berman | (917)497-4401 | 06-22-1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2919 Scott Pl. | Bronx, NY 10465 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Health & Hospitals | 30,000+ | (212) 788-3321 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 Worth St. Rm. 514 | New York, New York 10013 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of New York | 250,000+ | (212) 669-3916 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Centre Street | New York, New York |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

\_ RACE   \_ COLOR   _X_ SEX   \_ RELIGION   \_ NATIONAL ORIGIN

\_ RETALIATION   _X_ AGE   \_ DISABILITY   \_ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest    Latest

\_ CONTINUING ACTION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

DEC 04 2017

DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center    2,000-5,000 employees    Phone No. (718) 918-5000
1400 Pelham Parkway South    Bronx, NY 10461

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

See attached Affidavit, which outlines claims of discrimination based on age and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> 12/1/17 <br> Date     *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT   Marian L. Puschila <br> Commissioner Of Deeds, City of New York <br> Number: 3-7451 <br> Certificate filed in: Bronx <br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE   Term expires 4/1/2018 <br> *(month, day, year)* <br> 12/1/2017 |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| X EEOC | |

New York State Division of Human Rights and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Annette Birdsong | (917)941-6557 | 04-29-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 945 Underhill Ave., #2105 | Bronx, NY 10473 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Health & Hospitals | 30,000+ | (212) 788-3321 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 Worth St. Rm. 514 | New York, New York 10013 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of New York | 250,000+ | (212) 669-3916 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Centre Street | New York, New York |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

X_ RACE __ COLOR _X_ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          x Latest 6/2/2017

CONTINUING ACTION
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

DEC 0 4 2017

RECEIVED

Additional Respondent:
3. Jacobi Medical Center          2,000-5,000 employees          Phone No. (718) 918-5000
1400 Pelham Parkway South          Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):
See attached Affidavit, which outlines claims of discrimination based on age, race and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.,* Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.,* and other relevant statutes.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT *Annette Birdsong* |
| | KATHLEEN BELLE CULLUM<br>NOTARY PUBLIC, STATE OF NEW YORK<br>Registration No. 02CU6364574<br>Qualified in New York County<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| 12/1/17          *Annette Birdsong*<br>Date          *Charging Party Signature* | (month, day, year) *December 1, 2017* |

## CHARGE OF DISCRIMINATION

This form is effected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

Charge Presented to:   Agency(ies) Charge No(s):

___ FEPA

_X_ EEOC

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) Mr. William Henry | Home Phone (Incl. Area Code) (914)882-3692 | Date of Birth 07-26-1948 |
|---|---|---|

| Street Address 730 Pelham Rd., #1C | City, State and ZIP Code New Rochelle, NY 10805 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name New York City Health & Hospitals | No. Employees, Members 30,000+ | Phone No. (Include Area Code) (212) 788-3321 |
|---|---|---|

| Street Address 125 Worth St. Rm. 514 | City, State and ZIP Code New York, New York 10013 | |

| Name City of New York | No. Employees, Members 250,000+ | Phone No. (Include Area Code) (212) 669-3916 |
|---|---|---|

| Street Address One Centre Street | City, State and ZIP Code New York, New York | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

_X_ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN

__ RETALIATION  _X_ AGE  __ DISABILITY  __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest

DEC 0 4 2017

CONTINUING ACTION

DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center     2,000-5,000 employees     Phone No. (718) 918-5000
1400 Pelham Parkway South     Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):
   See attached Affidavit, which outlines claims of discrimination based on race and age in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.,* New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.,* Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.,* and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11/30/2017        *William E. Henry* Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| _X_ EEOC | |

___New York State Division of Human Rights___ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) Mr. Jose Jacob | Home Phone (Incl. Area Code) (914) 437-7173 | Date of Birth 04-28-1965 |
|---|---|---|
| Street Address 22-29 Tenbroeck Ave. | City, State and ZIP Code Bronx, NY 10469 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name New York City Health & Hospitals | No. Employees, Members 30,000+ | Phone No. (Include Area Code) (212) 788-3321 |
|---|---|---|
| Street Address 125 Worth St. Rm. 514 | City, State and ZIP Code New York, New York 10013 | |
| Name City of New York | No. Employees, Members 250,000+ | Phone No. (Include Area Code) (212) 669-3916 |
| Street Address One Centre Street | City, State and ZIP Code New York, New York | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

_X_ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (*Specify below.*)

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest        x Latest 6/2/2017 |
| ___ CONTINUING ACTION |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
DEC 04 2017
DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center        2,000-5,000 employees        Phone No. (718) 918-5800
1400 Pelham Parkway South        Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s).*)
See attached Affidavit, which outlines claims of discrimination based on age and/or race in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, *et seq.*, New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/1/17 Date        Charging Party Signature | KATHLEEN BELLE CULLUM NOTARY PUBLIC, STATE OF NEW YORK Registration No. 02CU6364574 Qualified in New York County Commission Expires September 18, 2021 SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) December 1 2017 |

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | |

New York State Division of Human Rights and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jacqueline King | (347)591-0151 | 03-22-1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 92 Beacon Lane | Bronx, NY 10473 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Health & Hospitals | 30,000+ | (212) 788-3321 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 Worth St. Rm. 514 | New York, New York 10013 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of New York | 250,000+ | (212) 669-3916 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Centre Street | New York, New York |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

_X_ RACE __ COLOR _X_ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest x Latest 6/2/2017

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
CONTINUING ACTION

DEC 04 2017

DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center      2,000-5,000 employees      Phone No. (718) 918-5000
1400 Pelham Parkway South      Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

See attached Affidavit, which outlines claims of discrimination based on age, race and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

NOOFAN M. MENWER
Notary Public State of New York
NO. 01ME6217233
Qualified in Bronx County
Commission Expires Feb. 8, 2018

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *[signature]* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *[signature]* | *[signature]* |
| 12/1/17      *[signature]*<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)      12/1/17 |

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| _X_ EEOC | |

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Susan LaMonica | (347)992-3605 | 02-3-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2024 Hobart Ave. | Bronx, NY 10461 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York City Health & Hospitals | 30,000+ | (212) 788-3321 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 Worth St. Rm. 514 | New York, New York 10013 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of New York | 250,000+ | (212) 669-3916 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Centre Street | New York, New York |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE   __ COLOR   _X_ SEX   __ RELIGION   __ NATIONAL ORIGIN

__ RETALIATION   _X_ AGE   __ DISABILITY   __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 2/7/2017   Latest 2/7/2017

_X_ CONTINUING ACTION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
DEC 04 2017
DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center      2,000-5,000 employees      Phone No. (718) 918-5000
1400 Pelham Parkway South      Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

See attached Affidavit, which outlines claims of discrimination based on age and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.,* New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.,* Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.,* New York City Human Rights Law, Administrative Code and Charter, S.8-101 and §8-107, *et seq.,* and other relevant statutes.

CHANDANEE JAGRUP BALRAM
Notary Public – State of New York
NO. 01JA6358601
Qualified in Bronx County
My Commission Expires May 15, 2021

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *[signature]* Chandanee Jagrup Balram |

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *[signature]* 12/4/17 |
|---|---|
| 12/4/17 *[signature]* Susan D. LaMonica Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

| CHARGE OF DISCRIMINATION | | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ___ FEPA<br>_X_ EEOC | |

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Ms. Jean Phipps | Home Phone (Incl. Area Code)<br>(646)548-8850 | Date of Birth<br>07-14-1973 |
|---|---|---|
| Street Address<br>3426 McOwen Ave. | City, State and ZIP Code<br>Bronx, NY 10475 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>New York City Health & Hospitals | No. Employees, Members<br>30,000+ | Phone No. (Include Area Code)<br>(212) 788-3321 |
|---|---|---|
| Street Address<br>125 Worth St. Rm. 514 | City, State and ZIP Code<br>New York, New York 10013 | |
| Name<br>City of New York | No. Employees, Members<br>250,000+ | Phone No. (Include Area Code)<br>(212) 669-3916 |
| Street Address<br>One Centre Street | City, State and ZIP Code<br>New York, New York | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          x Latest 6/1/2017 |
|---|---|
| _X_ RACE   __ COLOR   _X_ SEX   __ RELIGION   __ NATIONAL ORIGIN<br><br>_X_ RETALIATION   _X_ AGE   __ DISABILITY   __ OTHER (Specify below.) | ___ CONTINUING ACTION |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
DEC 0 4 2017
DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center      2,000-5,000 employees      Phone No. (718) 918-5000
1400 Pelham Parkway South      Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

See attached Affidavit, which outlines claims of discrimination, including retaliation, based on age, race and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>*Gilda C. Ciani* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>GILDA C CIANI<br>Notary Public - State of New York<br>NO. 01CI6073240<br>Qualified in Bronx County<br>My Commission Expires Apr 15, 2018<br><br>12/4/2017<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>12/4/17 |

EEOC Form 5 (5/01)

*Gilda C. Ciani*

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| __ FEPA | |
| X  EEOC | |

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)  Ms. Roslyn Press | Home Phone (Incl. Area Code)  (914)271-0938 | Date of Birth  06-15-1950 |
|---|---|---|

| Street Address  41 Old Post Rd. North, Apt. 2 | City, State and ZIP Code  Croton-on-Hudson, NY 10520 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name  New York City Health & Hospitals | No. Employees, Members  30,000+ | Phone No. (Include Area Code)  (212) 788-3321 |
|---|---|---|

| Street Address  125 Worth St. Rm. 514 | City, State and ZIP Code  New York, New York 10013 | |

| Name  City of New York | No. Employees, Members  250,000+ | Phone No. (Include Area Code)  (212) 669-3916 |
|---|---|---|

| Street Address  One Centre Street | City, State and ZIP Code  New York, New York | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

__ RACE   __ COLOR   X  SEX   __ RELIGION   __ NATIONAL ORIGIN

__ RETALIATION   X  AGE   __ DISABILITY   __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest        x  Latest 6/2/2017

CONTINUING ACTION
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

DEC 0 4 2017

**DATE RECEIVED**

Additional Respondent:
3. Jacobi Medical Center        2,000-5,000 employees        Phone No. (718) 918-5000
1400 Pelham Parkway South        Bronx, NY 10461

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

See attached Affidavit, which outlines claims of discrimination based on age and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.,* New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.,* Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.,* New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.,* and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| FREDRICK R VANHALL  NOTARY PUBLIC STATE OF NEW YORK  WESTCHESTER COUNTY  LIC. #01VA6132919  COMM. EXP. 08/19/2017 | SIGNATURE OF COMPLAINANT  *Roslyn Press* |
| 12/1/17        *Roslyn Press*  Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  12/1/2017  FREDRICK R VANHALL |

EEOC Form 5 (5/01)

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

___ FEPA
_X_ EEOC

New York State Division of Human Rights _____ and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms, Mrs.) Mr. Herbert Richardson | Home Phone (Incl. Area Code) (347)969-1423 | Date of Birth 02-16-1956 |
|---|---|---|

Street Address
170-10 130th Ave., #4E

City, State and ZIP Code
Jamaica, NY 11434

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name New York City Health & Hospitals | No. Employees, Members 30,000+ | Phone No. (Include Area Code) (212) 788-3321 |
|---|---|---|

Street Address
125 Worth St. Rm. 514

City, State and ZIP Code
New York, New York 10013

| Name City of New York | No. Employees, Members 250,000+ | Phone No. (Include Area Code) (212) 669-3916 |
|---|---|---|

Street Address
One Centre Street

City, State and ZIP Code
New York, New York

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION _X_ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          x Latest 2/7/2017

__ CONTINUING ACTION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

DEC 0 4 2017

DATE RECEIVED

Additional Respondent:
3. Jacobi Medical Center     2,000-5,000 employees     Phone No. (718) 918-5000
1400 Pelham Parkway South          Bronx, NY 10461

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
   See attached Affidavit, which outlines claims of discrimination based on age and/or race in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq., New York State Human Rights Law, New York Executive Law, Article 15, § 290, et seq., Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, et seq., New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, et seq., and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
|---|---|

12/ /17
Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) December 4, 2017

SAUD A. ANSARI
Notary Public, State of New York
No. 01AN6012752
Qualified in Nassau County
Commission Expires August 31, 20 18

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| X EEOC | |

New York State Division of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) Ms. Virginia Tufaro | Home Phone (Incl. Area Code) (646)529-5800 | Date of Birth 12-27-1952 |
|---|---|---|

| Street Address 226-31 Kingsbury Ave. | City, State and ZIP Code Oakland Gardens, NY 11364 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name New York City Health & Hospitals | No. Employees, Members 30,000+ | Phone No. (Include Area Code) (212) 788-3321 |
|---|---|---|

| Street Address 125 Worth St. Rm. 514 | City, State and ZIP Code New York, New York 10013 |
|---|---|

| Name City of New York | No. Employees, Members 250,000+ | Phone No. (Include Area Code) (212) 669-3916 |
|---|---|---|

| Street Address One Centre Street | City, State and ZIP Code New York, New York |
|---|---|

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE   __ COLOR   X SEX   __ RELIGION   __ NATIONAL ORIGIN

__ RETALIATION   X AGE   __ DISABILITY   __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest        x Latest 6/2/2017

__ CONTINUING ACTION

*EQUAL EMPLOYMENT OPPORTUNITY COMMISSION NEW YORK DISTRICT OFFICE*
*DEC 0 4 2017*
*DATE RECEIVED*

Additional Respondent:
3. Jacobi Medical Center      2,000-5,000 employees     Phone No. (718) 918-5000
1400 Pelham Parkway South        Bronx, NY 10461

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*)
See attached Affidavit, which outlines claims of discrimination based on age and/or sex in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, New York State Human Rights Law, New York Executive Law, Article 15, § 290, *et seq.*, Federal Labor Law, 29 U.S.C.A. §159, et seq., New York State Labor Relations Act, §700, *et seq.*, New York City Human Rights Law, Administrative Code and Charter, § 8-101 and §8-107, *et seq.*, and other relevant statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/01/17<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) Dec 01 2017 |

EEOC Form 5 (5/01)

FANNY LEE

UNITED STATES
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
------------------------------------------------------------------ x
CLARENCE BOWEN ALLEN, BRENDA BERMAN,
ANNETTE BIRDSONG, WILLIAM HENRY, JOSE
JACOB, JACQUELINE KING, SUSAN LAMONICA,
JEAN PHIPPS, ROSLYN PRESS, HERBERT
RICHARDSON, VIRGINIA TUFARO,

                        **AFFIDAVIT IN SUPPORT**
                        **OF EEOC CHARGE**

          Complainants,
                        EEOC Charge:

     -against-

THE CITY OF NEW YORK; NYC
HEALTH + HOSPITALS CORPORATION; JACOBI
MEDICAL CENTER,

          Respondents.
------------------------------------------------------------------ x

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF NEW YORK  )



CLARENCE BOWEN ALLEN, BRENDA BERMAN, ANNETTE BIRDSONG, WILLIAM
HENRY, JOSE JACOB, JACQUELINE KING, SUSAN LAMONICA, JEAN PHIPPS,
ROSLYN PRESS, HERBERT RICHARDSON, and VIRGINIA TUFARO (hereinafter
collectively "Complainants") being duly sworn, depose and say under the penalties of perjury:

1. The statements made in this Affidavit are true as to the best of knowledge and belief.

2. Complainants make this complaint alleging violations of discrimination, deprivation of

   civil liberties, wrongful termination, theft of wages, and damages and costs due to age, race

   and/or sex in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29

   U.S.C.A. §623, et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.;

   Federal Labor Law, 29 U.S.C.A. §158, et seq.; New York State Human Rights Law,

   Executive Law §290, et seq.; the New York State Labor Relations Act, §700, et seq.; New

York City Human Rights Law, Administrative Code and Charter, §8-101 and §8-107, et seq.; and other related statutes against Respondents, THE CITY OF NEW YORK; NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; and JACOBI MEDICAL CENTER (hereinafter collectively "Respondents").

## Background

3. Respondent New York City Health and Hospitals Corporation (hereinafter "H+H") is a benefit corporation established under the laws of the State of New York pursuant to the New York City Health and Hospitals Corporation Act. H+H is the largest publicly financed health care system in the nation; it provides essential services to more than one million New Yorkers every year in more than 70 locations across the city's five boroughs. *See* About NYC Health + Hospitals, **Exhibit A**; *see also,* the New York City Health & Hospitals Corporation Act (L. 1969, C. 1016, eff. May 26, 1969).

4. Respondent Jacobi Medical Center (hereinafter Jacobi) is a hospital opened, managed, and maintained by H+H located at 1400 Pelham Parkway South Bronx, NY 10461. Jacobi is a Level I Trauma Center boasting a number of additional emergency, pediatric, and women's health accreditations and specialized programs.

5. In recent years, a confluence of problems have plagued H+H hospitals like Jacobi including massive debt that has depleted, among other things, necessary personnel resources, increased challenges in the face of technological advancements in medicine and heightened competition from privatized health care facilities, and a chronic internal mismanagement that has allowed for systematic problems in what many term as an 'old boys club' mentality.

6. As of June 2015, H+H's unrestricted total net deficit was $7.86 billion. Furthermore, a 2016 report revealed that the corporation is projected to face an operating deficit of almost $1.8 billion by fiscal year 2020. See, <u>Financial Statements,</u> p. 5, attached hereto as **Exhibit B**.

7. In 2016, Mayor de Blasio, in an effort to respond to these problems, announced the "One New York Health + Hospitals Transformation Plan, Bridge to Better Healthcare." This rebranding initiative was intended to stabilize the financial position of H+H while increasing the quality of services and providing a greater market share of the health care industry for H+H. The plan specifically promised to preserve jobs and avoid layoffs. *See,* <u>One New York Health + Hospitals Transformation Plan,</u> April 26, 2016, attached hereto as **Exhibit C**.

8. Despite these promises, however, relying on the conclusion that H+H's ongoing financial and organizational challenges were due in substantial part to the fact that there was an excess of employees in the organization, H+H began implementing a discriminatory termination initiative that led to violations of federal, state, and local laws.

9. In specific, H+H has engaged in a pattern and practice of targeting and terminating longtime employees without cause who were over forty (40) years of age and non-white. Complainants terminations were all premised on the false assertion that their terminations were due solely to eliminating redundancy in positions and that, because Complainants' positions were determined to be redundant, these positions were all being eliminated and would not be backfilled. Despite this purported justification, the claim of redundancy was upon information and belief pretextual. The pretext of this rationale is evidenced in large part by the fact that the majority of these positions were either transferred to lesser

experienced, lower paid, younger and white employees or in fact backfilled. This disproves H+H's claim that these positions were eliminated because they were "redundant." Further, many of Complainants' duties were essential functions not performed by any other individual and as such could not have been redundant as a practical matter. In addition to the transfer of so-called "redundant" duties to other employees, many of the positions Complainants were terminated from were posted as positions to be filled or backfilled with younger, less experienced and lesser paid white applicants, thereby applying a discriminatory fix to the financial hardship of H+H while also giving its hospitals the desired rebranding it sought— namely a young, white, fresh look to compete in New York City's more upscale emerging private health care facilities.

10. This policy had significant impact on Jacobi, a hospital situated in a traditionally of color community which has, of late, become gentrified as younger white people move into the area.  Upon information and belief, H+H worked to create an employee workforce that reflected this demographic to appeal to a potential client base but in doing so has run afoul of the law in violation of local, state and federal civil rights statutes.

11. Over the past year Jacobi has had, upon information and belief, approximately 45 employees terminated in this targeted layoff initiative, the majority of which were either over the age of 40 or non-white.

12. Unfortunately, this mentality of discriminatory mistreatment is not new to Jacobi.  There has been a longstanding culture of devaluing and mistreating employees in a discriminatory 'boy's club' mentality that aligned perfectly with this H+H-wide initiative.

13. For some time, hiring and firing decisions have lacked basis in merit-based considerations such as experience and educational credentials and have been impacted by impermissible

considerations of age, race, and gender. This created an environment that allowed a layoff initiative that sought to create a workforce of younger, whiter employees which was implemented without scrutiny or oversight.

14. Respondents' discriminatory practices have also resulted in deficiencies in patient care, highlighting both the pretextual nature of Complainants' terminations and Respondents' willful ignorance of the effects of their discriminatory practices.

15. Upon information and belief, Respondent City of New York, through its agencies Department of Citywide Administrative Services, NYCERs, and others, had full knowledge and participated in the systematic targeting of older, non-white, managerial employees for termination from Jacobi.

16. The testimony, experiences and identities of the eleven Complainants in this matter more fully identify specific examples of the impact of these policies, both the H+H-wide initiative targeting non-white employees and employees over 40, and the Jacobi's culture of discrimination that allowed this to occur, both giving rise to the damages alleged herein.

## The Complainants

17. Complainant **CLARENCE BOWEN ALLEN** currently resides at 12128 198th St. Jamaica, NY 11413.

18. Complainant **ALLEN** is 61 years old and identifies as African American.

19. Up until June 2, 2017, Complainant **ALLEN** had been a loyal and hardworking employee of Respondents since April of 1990. However, despite his contributions to the job and

positive performance evaluations, he was abruptly and wrongfully terminated from his position as Associate Director of Budget at Jacobi Medical Center as part of the June 2017 layoff initiative by H+H.

20. In addition to his experience on the job, Complainant **ALLEN** also holds a Bachelor's Degree and Master's degree in business administration.

21. As Associate Director of Budget for Jacobi, he was a manager in the Finance Department. His job duties included departmental development and oversight as well as supervisory functions. He oversaw primarily three departments within Jacobi, wherein his primary duties included oversight of grants, accounts payable, and budgetary responsibilities. He was in charge of grant application and handling grant money received, and approving goods and services purchased by each department within Jacobi. In addition to internal procurement and grants, he was also responsible for the monitoring budget.

22. In this role, Complainant **ALLEN** reported to Ellen Barlis, deputy Chief Financial Officer at Jacobi. Upon information and belief, Ms. Barlis is white and younger than Complainant **ALLEN**. Ms. Barlis oversaw all of the Finance Department. Kathy Garramore was the Chief Financial Officer and oversaw Ms. Barlis, and is also white and younger than Complainant **ALLEN**.

23. Complainant **ALLEN** believes that the layoff initiative by H+H targeted non-white and over 40 employees, of which he was one.

24. During Complainant **ALLEN**'s time at Jacobi, he also witnessed Respondents' discriminatory employment and termination practices, which he actively attempted to complain of and seek redress for.

25. For example, when Complainant **ALLEN** discovered that employees of color were not receiving pay raises that they were entitled to, he attempted to advocate for two of these employees under his supervision. These two employees were African American and Latino, respectively, and had not received raises from upper management despite receiving commendations for their work from the Executive Director.

26. However, during the course of his efforts to help these employees, Complainant **ALLEN** asked Ms. Barlis why he was not also being given a raise, as he was the director in charge of several successful projects. Ms. Barlis refused to give him an answer as to why his raise was refused.

27. Complainant **ALLEN** additionally wonders in retrospect if raising these concerns had anything to do with him being laid off.

28. These experiences were unfortunately not unique; Respondents repeatedly withheld raises from Complainant **ALLEN** and other managers of color that were instead given to younger, white counterparts.

29. Indeed, Complainant **ALLEN** did not receive a single pay increase during ten (10) years of employment with Respondents, despite complaining to Ms. Barlis and the Chief Financial Officer about Respondents' refusal to give him due pay increases.

30. Upon information and belief, Complainant **ALLEN** was one of only two managers in the finance department that did not receive any pay increases. Both he and the second manager denied raises are people of color.

31. In addition to the wide scope of responsibilities outlined above, Complainant **ALLEN** was given additional work outside his job duties without attendant compensation. For example, in or around October of 2016 he was asked to run accounts payable. Despite the additional

work and responsibilities that came with this request, he was not financially compensated for these additional duties.

32. Further, upon information and belief, Respondents engaged in additional discriminatory pay practices by failing to determine compensation based on experience and job responsibilities, instead setting compensation based on impermissible considerations such as age and race.

33. By way of example, in 2015 another managerial employee was brought into the finance team. Upon information and belief, although this employee oversaw only one department and did not perform the same breadth of functions as Complainant **ALLEN**, this employee's starting salary was approximately $10,000.00 more than **ALLEN's** salary after ten (10) years in his position and with far more responsibilities.

34. Through his experiences seeing Respondents' discriminatory practices, Complainant **ALLEN** became increasingly concerned with his own job security and was not surprised when the layoffs seemed to target of color and over 40 year old employees. These fears grew in February 2017 when five (5) managers in the Finance Department were laid off. Upon information and belief, these five managers were also terminated because of their membership in protected classes. Of these five February layoffs, all were over forty (40) years old, and at least three were non-white employees.

35. Respondents issued Complainant **ALLEN's** termination while he was on vacation. Upon information and belief, he was the only employee of any H+H hospital budget department that was terminated. Further, upon information and belief, Respondents gave a pretextual basis for Complainant **ALLEN's** termination by telling him that H+H was centralizing accounts payable functions and moving these positions to the central office. Upon

information and belief, Respondents failed to correctly capture Complainant **ALLEN**'s job title and responsibilities. He was instead listed as an Accounts Payable director only, while his budget, procurement, and grant titles were not listed.

36. Further, upon information and belief, Complainant **ALLEN**'s job duties have not been restructured or moved to the central office. Contrary to Respondents' proffered reason for his termination, his responsibilities are now being performed by a younger, lesser experienced associate director in his former department at Jacobi. In stark contrast to Respondents' refusal to increase **ALLEN**'s pay as his responsibilities increased, his younger replacement was immediately given a pay increase.

37. Complainant **BRENDA BERMAN** currently resides at 2919 Scott Place Bronx, NY 10465.

38. Complainant **BERMAN** is 55 years old and identifies openly as a member of the LGBTQ community.

39. Up until June 2, 2017, Complainant **BERMAN** had been a loyal and hardworking employee of Respondents since July 18, 1994. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Personnel Director at Jacobi Medical Center.

40. Complainant **BERMAN** has dedicated her career to H+H since 1994, when she began working for H+H as a student intern. Throughout her twenty-three years working for Respondents, Complainant **BERMAN** has consistently witnessed and been subjected to discriminatory employment practices which created the backdrop for her wrongful termination as part of H+H's layoff initiative. It has also caused her to suffer loses as a result of the internal discriminatory practices within Jacobi.

41. As Personnel Director, Complainant **BERMAN** was primarily responsible for managing personnel records and Human Resources regulatory compliance. She was the only employee who performed these functions.

42. Within the Human Resources department, Complainant **BERMAN** reported primarily to Jamie Greco, Associate Director of Hospitals.

43. Complainant **BERMAN** alleges there was a culture of discrimination at Jacobi and that she was subjected to discriminatory mistreatment and a hostile work environment by both the head of Human Resources, Joanne Sampson, and Mr. Greco. By way of example, Ms. Sampson engaged in a practice of humiliation and intimidation by publicly berating Complainant **BERMAN** in front of her colleagues, undermining her position in front of her staff, and encouraging her staff to ignore her direction and treat her disrespectfully. Upon information and belief this would not happen if Complainant **BERMAN** were not LGBTQ. This mentality created the basis for H+H to target Complainant **BERMAN** to be laid off. Sampson would consistently demean Complainant **BERMAN** by questioning her competence and authority, inundating her workload with clerical tasks outside of her job duties, and refusing to provide her with the necessary staffing and resources support to perform her job, despite decades of experience and seniority.

44. For example, Ms. Sampson would routinely assign staff to work with Complainant **BERMAN** that did not have experience with or knowledge of personnel issues. Ms. Sampson would assign these employees despite having qualified staff that could have assisted with these functions and improved performance and efficiency. Instead, Ms. Sampson would leave the competent and trained staff to perform irrelevant and menial tasks to undermine Complainant **BERMAN**'s performance.

45. Further, Ms. Sampson would routinely assign Complainant **BERMAN** clerical tasks that were outside of her job duties to further demean. Whether Ms. Sampson engaged in these practices in an effort to establish pretextual justifications for Complainant **BERMAN**'s termination, or this culture of diminishing, devaluing and discriminating justified her layoff, in either event Complainant **BERMAN** was adversely and discriminatorily impacted by both Jacobi and H+H policies and practices.

46. Complainant **BERMAN**'s experiences of discrimination mirrored the discriminatory treatment she had seen other employees suffer during her tenure at Jacobi. Upon information and belief, Jacobi has been the subject of numerous complaints of sexual harassment and age discrimination. For example, in Complainant **BERMAN**'s department alone, three managerial employees over fifty (50) years old were fired and replaced by younger, inexperienced new hires. By further example, upon information and belief, Respondents hired approximately five (5) twenty to thirty-year-old individuals to replace the three terminated managerial employees. These new hires have no experience and perform only clerical functions despite holding managerial titles.

47. Upon information and belief, Complainant **BERMAN** is the only openly gay personnel director within H+H. Further, upon information and belief, she was the only personnel director who was terminated. Of human resources personnel generally, upon information and belief, four human resources managerial employees across H+H were terminated, three of whom were over 40 years old.

48. When Complainant **BERMAN** was terminated, Respondents' stated justification for her termination was that her position was being "abolished." This statement was plainly false. Complainant **BERMAN** was the only employee who performed her job functions, and as

such, it was impossible that she was performing redundant responsibilities. Further, upon information and belief, Complainant **BERMAN** job duties are now being performed by a younger employee with far less and inadequate experience than **BERMAN**.

49. Complainant **ANNETTE BIRDSONG** currently resides at 945 Underhill Ave., #2105 Bronx, NY 10473

50. Complainant **BIRDSONG** is 60 years old and identifies as African-American.

51. Up until June 2, 2017, Complainant **BIRDSONG** had been a loyal and hardworking employee of Respondents since January 2009. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Executive Secretary at Jacobi Medical Center.

52. As Executive Secretary, **BIRDSONG** was responsible for a wide range of essential administrative functions such as calendar management, management and staff coordination, and human resources support. **BIRDSONG** was highly qualified for this position through her educational and experiential credentials.

53. Throughout the first seven (7) years of her employment, **BIRDSONG** worked under Richardenea Theodore. Theodore subjected **BIRDSONG** to a campaign of harassment and hostile work environment. By way of example, Theodore consistently berated **BIRDSONG** publicly with personal insults and threats, called **BIRDSONG** excessively outside of work hours, denied **BIRDSONG** timely noticed time off requests and even denied **BIRDSONG** time for lunch.

54. Further, Theodore consistently falsified disciplinary warnings against **BIRDSONG**, without justification, in a further showing of a harassment and as a means to create a pretextual record for **BIRDSONG's** ultimate wrongful termination.

55. In or around 2013, **BIRDSONG** was forced to seek to redress the harassment and hostile work environment she suffered by filing an internal complaint against Theodore.

56. Upon information and belief, Respondents failed to investigate or attempt to remedy Theodore's discriminatory conduct, thereby violating Respondents' obligations under federal, state, local law and Respondents' own policies.

57. **BIRDSONG** further sent Theodore a cease and desist letter in an additional effort to seek an end to this harassment.

58. Despite **BIRDSONG's** efforts, Respondents failed to take any steps to remedy Theodore's conduct, and the harassment persisted. **BIRDSONG's** health declined significantly due to the stress of this harassment, and **BIRDSONG** was forced to take medical leave in or around May 2016.

59. In or around August 2016, **BIRDSONG** returned to work where, upon medical advice, **BIRDSONG** was forced to transfer to the Patient Relations department to avoid Theodore's harassment. In further evidence that Theodore's negative performance reviews of **BIRDSONG** were discriminatory and pretextual, **BIRDSONG** received outstanding performance reviews in Patient Relations.

60. Despite Complainant **BIRDSONG's** qualifications, experience, and excellent performance, she was abruptly terminated on June 2, 2017, when she was told that her position was being eliminated. However, upon information and belief, this justification was false. Complainant **BIRDSONG's** position was not eliminated, but was rather posted to be filled shortly following her termination. **Exhibit D.**

61. Upon information and belief, **BIRDSONG** was wrongfully terminated both in retaliation for her exercising her protected right to complain of the harassment she suffered, and because of **BIRDSONG's** age and race.

62. Further, upon information and belief, Theodore is still attempting to interfere with **BIRDSONG's** employment opportunities even after her termination. **BIRDSONG** recently applied for an Executive Secretary position with the Simulations Department, a position she is abundantly qualified for. **BIRDSONG** was informally told that she would receive the position. However, upon information and belief, Theodore went out of her way to give a negative reference to **BIRDSONG's** prospective supervisor, despite **BIRDSONG** not listing Theodore as a reference. Upon information and belief, immediately following Theodore's conversation with **BIRDSONG's** prospective employer, **BIRDSONG** was denied the position.

63. Complainant **WILLIAM HENRY** currently resides at 730 Pelham Rd., #1C New Rochelle, NY 10805.

64. Complainant **HENRY** is 69 years old and identifies as African-American.

65. Up until June 2, 2017, Complainant **HENRY** had been a loyal and hardworking employee of Respondents since March 2015. However, despite his contributions to the job and positive evaluations, he was abruptly and wrongfully terminated from his position as Associate Director of Hospitals at Jacobi Medical Center.

66. During his tenure working for Respondents, Complainant **HENRY** was responsible for telecommunications at Jacobi and North Central Bronx Hospital. It is unusual that one director would be responsible for two facilities; the majority of other IT managers in HH

facilities were responsible for only one facility. Upon information and belief, only Complainant **HENRY** and two other IT directors were responsible for multiple facilities.

67. Complainant **HENRY** was very well qualified for his position, holding a Bachelor's degree and several graduate certificates in information technology subjects. Upon information and belief, his experience and educational credentials made him the most well qualified employee in the IT Department at Jacobi, and so it was surprising that it was Complainant **HENRY** who was laid off as opposed to younger and white counterparts who were less qualified.

68. Despite his experience and qualifications, Complainant **HENRY** was the only IT managerial employee who was terminated. Upon information and belief, there are approximately ten to fifteen IT managers throughout H+H. Upon information and belief, Complainant **HENRY** believes his termination was one of many in Respondents' pattern of targeting older, non-white for layoffs.

69. Further, Respondents' proffered justification for Complainant **HENRY**'s termination was false. At his termination, Complainant **HENRY** was told that his position was being eliminated due to organizational restructuring and redundancy. However, in Complainant **HENRY**'s direct experience of Respondents' employment, Jacobi was understaffed resulting in a lack of qualified personnel to the detriment of hospital administration and patient care.

70. Additionally, upon information and belief, Complainant **HENRY**'s job duties are now being performed by two younger employees that lack any experience in the telecommunications field.

71. Complainant **JOSE JACOB** currently resides at 22-29 Tenbroeck Ave. Bronx, NY 10469.

72. Complainant **JACOB** is 52 years old and identifies as Asian.

73. Up until June 2, 2017, Complainant **JACOB** had been a loyal and hardworking employee of Respondents since 1989. However, despite his contributions to the job and positive evaluations, he was abruptly and wrongfully terminated from his position as Associate Director at Jacobi Medical Center.

74. During Complainant **JACOB**'s time at Jacobi, he rose to the managerial position of Senior Director of multiple departments within Jacobi, including overseeing the bioengineering department.

75. Complainant **JACOB**'s educational background is in engineering, and he has always received excellent feedback and performance evaluations during his employment.

76. Despite Complainant **JACOB**'s excellent performance, he was subjected to discriminatory treatment culminating in his wrongful termination. Upon information and belief, of the approximately ten members in his department, he was the only employee who was terminated.

77. Upon information and belief, Complainant **JACOB**'s termination was another instance of Respondents' use of age and race when making employment decisions. Racism was rampant during Complainant **JACOB**'s employment at Jacobi, particularly by members of upper management. For example, Joanne Sampson, Jacobi's Human Resources Director, had difficulties working with non-white employees. Peter Lucy, Jacobi's former Senior Associate Executive Director was also infamous among employees for his racial animus against non-white employees. Lucy and Sampson's racism was an open secret at Jacobi. Indeed, Complainant **JACOB** was told by an Associate Executive Director that he should "stay away" from Lucy for the sake of his job.

78. Following February 2017 layoffs at Jacobi, Complainant **JACOB** was assured that he should not worry about being terminated and that he would not be laid off, particularly because of the quality and amount of essential work that he was responsible for.

79. However, despite these assurances, Complainant **JACOB** was abruptly terminated on June 2, 2017, when he was told that his termination was due solely to the organizational elimination of his position. Upon information and belief, Complainant **JACOB**'s job duties are now being performed by less senior employees. For example, a secretary in Complainant **JACOB**'s department was promoted to Assistant Director following his termination.

80. Complainant **JACQUELINE KING** currently resides at 92 Beacon Lane Bronx, NY 10473.

81. Complainant **KING** is 61 years old and identifies as African-American.

82. Up until June 2, 2017, Complainant **KING** had been a loyal and hardworking employee of Respondents since August 2006. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Associate Director of Nursing at Jacobi Medical Center.

83. Complainant **KING** was well qualified for her position of Associate Director of Nursing, based on her significant experience as well as her training which includes a master's degree in health service administration.

84. During Complainant **KING**'s employment, she directly supervised approximately nine employees comprised of two assistant directors and seven head nurses.

85. Despite Complainant **KING**'s qualifications, experience, and excellent performance, she was abruptly terminated on June 2, 2017, when she was told that her position was being eliminated. However, upon information and belief, Complainant **KING**'s position was not eliminated, but was rather filled after her termination with a younger, white man.

86. Respondents' decision to replace Complainant **KING** with a younger white employee despite Complainant **KING**'s better qualifications, is, upon information and belief further proof of Respondents' pattern of targeting and removing older and non-white employees in favor of younger and white personnel. During her time at Jacobi, Complainant **KING** witnessed this shift in the demographic composition of Jacobi's staff with the staff becoming increasingly younger and more white after the City and H+H's decision to rebrand H+H.

87. Complainant **SUSAN LAMONICA** currently resides at 2024 Hobart Ave. Bronx, NY 10461.

88. Complainant is **LAMONICA** is 60 years old.

89. Up until February 7, 2017, Complainant **LAMONICA** had been a loyal and hardworking employee of Respondents since May 2006. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Associate Executive Director and Director of Nursing for Women's and Children's Health at Jacobi Medical Center.

90. Complainant **LAMONICA** holds a master's degree in nursing administration as well as a master's degree in business administration. At the time of her termination from Jacobi, she held a dual title of Associate Executive Director and Director of Nursing for Women's and Children's Health.

91. Complainant **LAMONICA**'s education and experience made her uniquely qualified to fill both of these roles, wherein she was responsible for two large areas of Jacobi's services: women's health and pediatrics.

92. Indeed, throughout her tenure with Jacobi, Respondents' used Complainant **LAMONICA**'s vast expertise to help facilitate solutions to understaffing, budget crises, and consolidation challenges. For example, Complainant **LAMONICA** attended planning meetings with the Chief Nursing Officer and others to brainstorm effective consolidation strategies.

93. These responsibilities were squarely within Complainant **LAMONICA**'s experience in addition to her knowledge of substantive medical areas.  In addition, Complainant **LAMONICA**'s experience with downsizing, mergers, and consolidation has proven vital to Jacobi. Respondents sought Complainant **LAMONICA**'s assistance to address the decline in care Jacobi struggled with within the pediatric unit. At Respondents' request and through her own initiative, Complainant **LAMONICA** worked with upper management and other hospital administrators to develop plans to maintain quality care within the pediatric unit in the face of budget cuts.

94. These efforts and excellence in Complainant **LAMONICA**'s performance was recognized by upper management. Further, she was the only individual in the Nursing Department that had extensive experience with pediatrics. In her position, Complainant **LAMONICA** supervised four assistant directors of nursing, and indirectly supervised the head nurses under these four assistant directors.

95. Complainant **LAMONICA** planned and relied on retiring before the start of the fiscal year such that she could receive her full pension.

96. Despite Respondents' knowledge of this forthcoming retirement, Complainant **LAMONICA** was summarily terminated without justification on February 7, 2017, mere months before her planned retirement date.

97. The stated basis for Complainant **LAMONICA**'s termination was that her position was being eliminated, largely because the pediatrics unit was going to be closed. However, this reason was false and pretextual. First, the pediatric unit is still open. Second, Complainant **LAMONICA** served a dual role within pediatrics and maternal health, yet her termination was predicated wholly on the alleged closure of the pediatric department and her work there. Respondents maintain that Complainant **LAMONICA**'s position was being eliminated. However, upon information and belief, her position was not eliminated and is now filled by a younger, less experienced employee.

98. Complainant **JEAN PHIPPS** currently resides at 3426 McOwen Ave. Bronx, NY 10475.

99. Complainant **PHIPPS** is 44 years old and identifies as African-American.

100. Up until June 2, 2017, Complainant **PHIPPS** had been a loyal and hardworking employee of Respondents since 1995. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Assistant Director of Nursing at Jacobi Medical Center.

101. Complainant **PHIPPS** is uniquely qualified to perform the duties of Assistant Director of Nursing. She has decades of experience and necessary training and additionally holds a master's degree and board certification in inpatient obstetrics. Upon information and belief, these qualifications made **PHIPPS** more qualified than the majority of other managers within her department. Throughout her employment with Jacobi, she has excelled in her role as an Associate Director of Nursing and educator, and has received

consistently excellent evaluations and performance feedback. **Exhibit E**. Further, **PHIPPS** was one of only four (4) individuals throughout H+H that performed essential training functions as an instructor for fetal monitoring for all H+H facilities. However, Complainant **PHIPPS** has also been subjected to discriminatory treatment, culminating in her ultimate wrongful termination motivated improperly by her age and race, as well as suffering a hostile work environment because of her race.

102.     Complainant **PHIPPS** documented this discriminatory treatment in contemporaneous notes beginning in or around March 2012. **Exhibit F**.

103.     For example, **PHIPPS** was told that Chief Nursing Officer Suzanne Pennachio directed **PHIPPS'** supervisor to ensure that her latest evaluation be negative despite **PHIPPS'** performance remaining excellent. Indeed, **PHIPPS** received only "exceeds expectations" evaluations for eleven (11) years of employment under three prior managers. **Exhibit E**. Upon information and belief, this direction to intentionally create a negative evaluation without justification is both further evidence of the hostile work environment Respondents cultivated as well as an effort to create pretext for **PHIPPS'** subsequent wrongful termination.

104.     In an effort to seek redress for this treatment, in or around November of 2016 Complainant **PHIPPS** filed a complaint with the Jacobi Equal Employment Opportunity office ("EEO"). **Exhibit G**.

105.     Respondents failed to investigate this complaint or remedy the discrimination Complainant **PHIPPS** faced. This speaks to the culture and environment of both discrimination and an unwillingness to properly address this discriminatory culture. Instead of investigating and remedying this discriminatory treatment, Respondents

retaliated against Complainant **PHIPPS'** decision to exercise her right to complain of this discrimination by terminating her employment.

106.     Complainant **PHIPPS** was unjustly terminated on June 2, 2017, when she was told that her position was being eliminated. However, upon information and belief, this rationale for her termination was false. Indeed, mere weeks following her termination, Complainant **PHIPPS'** job position was being advertised as an open position to be filled. Further, her termination came shortly after a letter in or around March of 2017 to Respondents' notifying them of her pending EEO case. This is an example of how an environment of discriminatory animus in Jacobi combined with a policy by the City and H+H to disenfranchise non-white and older employees.

107.     Complainant **ROSLYN PRESS** currently resides at 41 Old Post Rd. North Apt. 2 Croton-on-Hudson, NY 10520.

108.     Complainant **PRESS** is 67 years old.

109.     Up until June 2, 2017, Complainant **PRESS** had been a loyal and hardworking employee of Respondents since August 2008. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Assistant Director of Hospitals at Jacobi Medical Center.

110.     Complainant **PRESS** is highly experienced, and holds a master's degree in business administration and a master's degree in social work. In her role at Jacobi as Assistant Director of Managed Care, Complainant **PRESS** was responsible for, among other duties, handling contested outpatient workers compensation and insurance claims, and relationships with outside insurance companies and hospital vendor for both Jacobi and North Central Bronx Hospital. Further, upon the request of senior management,

Respondents used **PRESS**'s expertise for special projects without giving **PRESS** attendant compensation for these additional responsibilities. Further, Respondents failed to give **PRESS** a single merit-based salary increase during nine (9) years of employment despite consistently expanding **PRESS**'s duties and responsibilities.

111.     Upon information and belief, Complainant **PRESS** was the only employee trained to perform and was actually performing these duties. Further, **PRESS** developed working relationships and contacts with both internal and outside companies and individuals that were specific to **PRESS** and vital to the administration and continuity of claims administration and other functions.

112.     When Complainant **PRESS** was terminated, she was told that her position was being eliminated due to redundancy. However, as discussed above, she was the only individual performing her position. Further, following **PRESS**'s termination, her duties were given to a younger employee who, upon information and belief, lacks any experience with critical components of **PRESS**'s position such as no-fault insurance and workers' compensation. As her functions are essential and cannot be eliminated, as evidenced by the transfer of her position to an unqualified but younger employee, this purported justification is false.

113.     Further, the timing of **PRESS**'s termination raises an inference that this wrongful termination was not only motivated by the impermissible consideration of age, but also in retaliation for **PRESS**'s protected activity of initiating her own ultimately successful workers' compensation claim.

114.     **PRESS** initiated a necessary workers compensation claim seeking compensation for her work related carpal tunnel syndrome. In or around March 2017, **PRESS** received a

settlement in the amount of approximately $24,000.00 for this claim. Thereafter, merely two months after this settlement, and despite Respondents' knowledge of **PRESS**'s upcoming retirement date, **PRESS** was summarily terminated without justification and denied her full pension.

115.    Complainant **RICHARDSON** currently resides at 170-10 130th Ave., #4E Jamaica, NY 11434.

116.    Complainant **RICHARDSON** is 61 years old and identifies as African-American.

117.    Up until February 2, 2017, Complainant **RICHARDSON** had been a loyal and hardworking employee of Respondents since June 2002. However, despite his contributions to the job and positive evaluations, he was abruptly and wrongfully terminated from his position as Associate Director of Support Services at Jacobi Medical Center.

118.    As Director of Support Services, **RICHARDSON** was a senior manager and acted as department head for nine departments. In this capacity, he was the only manager responsible for the oversight and management of these nine departments. In or around July 2016, mere months before his termination, H+H hired another Associate Director of Support Services and gave the new hire several of my departments to oversee. As such, to the extent that my position became redundant, Respondents themselves created this redundancy and then used it as a pretextual justification for my termination.

119.    Upon information and belief, there were approximately thirty (30) managerial employees within his department, the majority of whom were union employees. Of the non-union managers, upon information and belief, **RICHARDSON** was one of three

managers that were terminated. Upon information and belief, all three terminated managers are over 40 years old, and two are non-white.

120.    Additionally, **RICHARDSON** had personal knowledge of six other managerial employees who were terminated in the 2017 layoffs, all of whom are over 40 years old, and all of whom are either non-white or women.

121.    Respondents claimed that **RICHARDSON's** job was being eliminated and would not be backfilled. However, this purported justification was false. Upon information and belief, his position was backfilled by a younger, white, employee who lacks his experience or qualifications for the position. **Exhibit H.** Upon information and belief, this individual was promoted to his prior position from her previous position as secretary, and continues to perform only clerical functions while holding a managerial title.

122.    Complainant **VIRGINIA TUFARO** currently resides at 226-31 Kingsbury Ave. Oakland Gardens, NY 11364.

123.    Complainant **TUFARO** is 64 years old.

124.    Up until June 2, 2017, Complainant **TUFARO** had been a loyal and hardworking employee of Respondents since December 1980. However, despite her contributions to the job and positive evaluations, she was abruptly and wrongfully terminated from her position as Assistant Director of Nursing and Injury Prevention Coordinator for Trauma Services at Jacobi Medical Center.

125.    Complainant **TUFARO** is highly qualified, has almost 4 decades of experience and holds a master's degree in public health care administration. At the time of her termination from Jacobi, she was an Assistant Director of Nursing and Injury Prevention Coordinator for Trauma Service.

126.     Complainant **TUFARO**'s duties in this role were vital in both receiving and maintaining Jacobi's certification as a Level I Trauma Center. Further, pursuant to guidelines promulgated by the American College of Surgeons, her position is mandatory for a Level One Trauma Center; as such, the idea that the position was eliminated, which is the basis given for termination, is objectively untrue. **Exhibit I**.

127.     In or around July 2016, Complainant **TUFARO** was required to begin reporting to Carrie Garcia, a newly appointed trauma program manager. Upon information and belief, Ms. Garcia is under 40-years-old. Further, Ms. Garcia was originally hired as an Emergency Room nurse and worked under **TUFARO**'s supervision. Despite Ms. Garcia's lack of leadership experience, Garcia was then promoted to trauma program manager and Complainant **TUFARO** was made to report to her.

128.     It became clear to Complainant **TUFARO** that she no longer fit in with the demographics of Jacobi's preferred employees. Upon information and belief, at the time of her termination she was at least fifteen years older than the rest of the employees in the trauma program.

129.     Complainant **TUFARO** would often be required to train younger and newer employees that were then quickly promoted to upper management despite their lack of management experience. Respondents' systematic targeting of older employees for termination was often explicit. By way of example, Complainant **TUFARO** was moved from the emergency department to trauma services with the express statement that she was being moved to make room for a younger employee who "need[ed] to grow."

130.     In addition to Respondents' discriminatory practice of discriminatorily terminating older employees to replace with younger, less experienced personnel, Complainant

**TUFARO** further witnessed the changing complexion of Jacobi's staff and patients. When she began her employment at Jacobi in 2006, the majority of Jacobi's staff and patients were non-white. As the area Jacobi serves has become more white, so too did hospital staff. At the time of her termination, the staff was majority white.

131.    Complainant **TUFARO** had expected to and was relying on retiring on July 7, 2017 to benefit per the plan from the highest rate of retirement benefits.

132.    Just a month prior to doing so, on June 2, 2017, she was summarily terminated without justification. Complainant **TUFARO**'s termination letter stated that her position was being eliminated, and expressly stated that her position would not be backfilled. Despite this assurance, her position was thereafter posted to be filled. **Exhibit J**. Further, as discussed above, Complainant **TUFARO**'s position could not be eliminated while maintaining Jacobi's status as a Level One Trauma Center.

## Conclusion

133.    H+H has engaged in a pattern and practice of age, race, and/or sex discrimination by initiating a layoff policy to make Jacobi younger and whiter. This has been facilitated by an underlying problem wherein Jacobi is steeped in a 'boys club' mentality and has engaged in discriminatory animus towards protected classes, including engaging in a pattern and practice of allowing age, race and sex to motivate hiring and firing decisions.

134.    Respondents are on notice of the discriminatory impact the emphasis on channeling insured patients to certain facilities can have on non-white patients. **Exhibit K**.

135.    Respondents have also ignored their obligations under state and local labor law in targeting older, non-white, employees for termination in a majority female dominated

industry. New York State Civil Service Law § 75(1) grants tenure protection to qualified individuals that previously served in competitive class positions. This obligation requires Respondents to offer a managerial employee, upon termination, a position in the highest civil service title that individual previously held. Despite this protection, Respondents failed to even offer tenure protection to any qualified Complainant herein.

136.    Upon information and belief, Respondents have long been on notice about the effects of race based discriminatory practices through its review of internal EEO discrimination complaints and prior lawsuits as well as its obligations in its own policies to ensure non-discrimination. H+H Principles of Professional Conduct **Exhibit L**.

137.    Additionally, Jacobi has long been known to employees as a "boy's club" where hiring decisions are made based on personal relationships between men in upper management and not on merit-based considerations such as experience and educational credentials. The effects of this discriminatory practice are especially stark in light of Jacobi's position within a female dominated healthcare industry.

138.    Respondents' discriminatory practices have also resulted in deficiencies in patient care, highlighting both the pretextual nature of Complainants' terminations and Respondents' willful ignorance of the effects of their discriminatory practices.

139.    Upon information and belief, Respondent City of New York, through its agencies Department of Citywide Administrative Services, NYCERs, and others, had full knowledge and participated in the systematic targeting of older, non-white, majority female managerial employees for termination from Jacobi.

140.    Upon information and belief, the decisions to terminate certain individuals is made by H+H's central office in connection with Respondent City of New York, and made

based on impermissible considerations such as age, race, and sex, instead of merit-based or budgetary considerations.

141.     Respondents' unlawful employment practices harm not only Complainants, but also the patients H+H purports to serve and Respondents themselves by prioritizing discriminatory terminations over cost effective strategies.

142.     As a direct result of the actions and inactions of Respondents, Complainants have suffered injuries, the full extent of which are not yet known, and damages and continue to suffer such injuries, including embarrassment, humiliation, emotional distress, and mental anguish. Complainants have also suffered pecuniary damages including but not limited to loss of wages, salaries, benefits, and promotional opportunities.

143.     Therefore, Complainants are forced to take legal action to recover the damages they have suffered from this discriminatory and retaliatory treatment in violation of the United States Constitution, the New York State Constitution, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623, et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.; Federal Labor Law, 29 U.S.C.A. §158, et seq.; New York State Human Rights Law, Executive Law §290, et seq.; the New York State Labor Relations Act, §700, et seq.; New York City Human Rights Law, Administrative Code and Charter, §8-101 and §8-107, et seq.; and other related statutes.

**WHEREFORE,** Complainants respectfully request that the Commission determine reasonable cause for discrimination as follows:

A.  Reasonable cause for discrimination based on age as to all Complainants;

B.  Reasonable cause for discrimination based on race as to Complainants ALLEN, BIRDSONG, HENRY, JACOB, KING, PHIPPS, and RICHARDSON;

C.  Reasonable cause for discrimination based on sexual orientation as to Complainant BERMAN; and

D.  Reasonable cause for retaliation as to Complainants ALLEN, BIRDSONG, PHIPPS, and PRESS.

BERMAN; and

D. Reasonable cause for retaliation as to Complainants PHIPPS and ALLEN

Dated: _November 30_, 2017
New York, New York

_CA Bowes Allen_
Clarence Bowen Allen

Sworn to before me this _30_ th
day of _November_, 2017

_Kathleen Belle Cullum_
Notary Public

KATHLEEN BELLE CULLUM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CU6364574
Qualified in New York County
Commission Expires September 18, 2021

Dated: __12/1_____, 2017
      New York, New York

                                                  Brenda Berman

Sworn to before me this ____
day of __12/11_____, 2017

_____
Notary Public

                         Maria L. Puschila
                         Commissioner Of Deeds, City of New York
                         Number: 3-7451
                         Certificate filed in: Bronx
                         Term expires: __11/1/2018__

Dated: _December 1_ , 2017
New York, New York

Sworn to before me this _1 st_
day of _December_ , 2017

_____
Notary Public

_Annette Birdsong_
Annette Birdsong

KATHLEEN BELLE CULLUM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CU6364574
Qualified in New York County
Commission Expires September 18, 2021

Dated: November 30, 2017
New York, New York

William Henry
William Henry

Sworn to before me this 30th
day of November, 2017

_____
Notary Public

YETTY G. KURLAND
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01K 6035642
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 07/03/80

Dated: _December 1_, 2017
      New York, New York

Jose Jacob

Sworn to before me this _1st_
day of _December_, 2017

Notary Public

Dated: 1 2 - 1            , 2017
      New York, New York

Jacqueline King

Sworn to before me this 1 st
day of  Dec           , 2017

Notary Public

NOOFAN M. MENWER
Notary Public State of New York
NO. 01ME6217233
Qualified in Bronx County
Commission Expires Feb. 8, 2019

Dated: __12/4__, 2017
New York, New York

_Susan LaMonica_
Susan LaMonica

Sworn to before me this 4th
day of __December__, 2017

Notary Public

CHANDANEE JAGRUP BALRAM
Notary Public – State of New York
NO. 01JA6358601
Qualified in Bronx County
My Commission Expires May 15, 2021

Dated: Dec. 1 , 2017
New York, New York

Jean Phipps

Sworn to before me this 1st
day of December , 2017

Notary Public

ALISA JONES
Notary Public, State of New York
No. 01JO6131233
Qualified in New York County
Commission Expires in: 8/1/2021

Dated: 12-01_____, 2017
New York, New York

Roslyn Press
_____
Roslyn Press

Sworn to before me this 1
day of December___, 2017

_____
Notary Public

FREDRICK R VANHALL
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. #01VA6132919
COMM. EXP._____ 09/19/2017

Dated: 12/2/17 , 2017
New York, New York

Herbert Richardson

Sworn to before me this 2nd
day of December , 2017

Notary Public

ABDUL Q. NAZ
NOTARY PUBLIC, State of New York
No. 01NA6305781
Qualified in Queens County
Commission Expires October 16, 2021

Dated: _JlC /_____, 2017
     New York, New York

                                       Virginia Tufaro

Sworn to before me this _1st_
day of _____Dec_____, 2017

Notary Public

**FANNY LEE**
No. 01LE6278289
Notary Public, State of New York
Qualified in Nassau County
My Commission Expires 03/25/20 21

37

# EXHIBIT

# B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Annette Birdsong
c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:    EEOC Charge No. 520-2018-01090
       Annette Birdsong v NYC Health & Hospitals Corp.

Dear Ms. Birdsong,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for
Kevin Berry
District Director

SEP 15 2018
_____
Date

EEOC Form 161 (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Annette Birdsong<br>945 Underhill Avenue<br>Apt. 2105<br>Bronx, NY 10473 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-01090 | Gwendolyn D. Hoy,<br>Investigator | (212) 336-3723 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

SEP 15 2018
*(Date Mailed)*

Enclosures(s)

cc:
| John Kim, Esq.<br>Associate Counsel<br>Legal Affairs<br>NEW YORK CITY HEALTH AND HOSPITAL<br>125 Worth Street Suite 527<br>New York, NY 10013 | Yetta Kirkland, Esq.<br>THE KURLAND GROUP<br>160 Broadway<br>East Building 11th Floor<br>New York, NY 10038 |
|---|---|

Enclosure with EEOC

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Clarence Bowen-Allen

c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:    EEOC Charge No. 520-2018-01087
       Clarence Bowen Allen v NYC Health & Hospitals Corp.

Dear Mr. Bowen-Allen,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission")
has reviewed the above-referenced charge according to our charge prioritization procedures.
These procedures, which are based on a reallocation of the Commission's staff resources,
apply to all open charges in our inventory and call for us to focus our limited resources on those
cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the
information and evidence you submitted.  You allege you were discriminated against because of
your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes
a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in
compliance with the statutes.  No finding is made as to any other issue that might be construed
as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is
your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this
matter by filing suit against the Respondent named in the charge within 90 days of receipt of
said notice.  Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018

_____
Date

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Clarence Allen**<br>**12128 198th Street**<br>**Jamaica, NY 11413** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01087** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Kevin J. Berry,**
**District Director**

SEP 15 2018

*(Date Mailed)*

cc:
**John Kim, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPITAL CORP.**
**125 Worth Street Suite 527**
**New York, NY 10013**

**Yetta G. Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

William Henry

c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:    EEOC Charge No. 520-2018-01091
       William Henry v NYC Health & Hospitals Corp.

Dear Mr. Henry,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your age and race.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018
Date

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **William Henry**<br>**730 Pelham Road**<br>**Apt. 1-C**<br>**New Rochelle, NY 10805** | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01091** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

SEP 15 2018

Enclosures(s)

(Date Mailed)

cc:  **John Kim, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPITAL**
**125 Worth Street Suite 527**
**New York, NY 10013**

**Yetta Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Jose Jacob
c/o Yetta G. Kurland, Esq.
The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:   EEOC Charge No. 520-2018-01092
      Jose Jacob v NYC Health & Hospitals Corp.

Dear Mr. Jacob,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted.  You allege you were discriminated against because of your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in compliance with the statutes.  No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice.  Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018
Date

EEOC Form 161 (11/16)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jose Jacob**<br>**22-29 Tenbroeck Avenue**<br>**Bronx, NY 10469** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01092** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

SEP 15 2018
*(Date Mailed)*

Enclosures(s)

cc:
**John Kim, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPI**
**125 Worth Street Rm 527**
**New York, NY 10013**

**Yetta Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** mailed to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Jacqueline King

c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11ᵗʰ Floor
New York, NY 10038

Re:     EEOC Charge No. 520-2018-01093
        Jacqueline King v NYC Health & Hospitals Corp.

Dear Ms. King,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission")
has reviewed the above-referenced charge according to our charge prioritization procedures.
These procedures, which are based on a reallocation of the Commission's staff resources,
apply to all open charges in our inventory and call for us to focus our limited resources on those
cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the
information and evidence you submitted. You allege you were discriminated against because of
your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes
a violation of Federal law on the part of Respondent. This does not certify that Respondent is in
compliance with the statutes. No finding is made as to any other issue that might be construed
as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is
your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this
matter by filing suit against the Respondent named in the charge within 90 days of receipt of
said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018

_____
Date

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jacqueline King**<br>**92 Beacon Lane**<br>**Bronx, NY 10473** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01093** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Kevin J. Berry,**
**District Director**

SEP 15 2018
*(Date Mailed)*

cc:
| | |
|---|---|
| **John King, Esq.**<br>**Associate Counsel**<br>**NEW YORK CITY HEALTH AND HOSPITAL CORP.**<br>**125 Worth Street Suite 527**<br>**New York, NY 10013** | **Yetta Kurland, Esq.**<br>**THE KURLAND GROUP**<br>**160 Broadway**<br>**East Building 11th Floor**<br>**New York, NY 10038** |

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Susan LaMonica
c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:    EEOC Charge No. 520-2018-01094
       Susan LaMonica v NYC Health & Hospitals Corp.

Dear Ms. LaMonica,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted.  You allege you were discriminated against because of your age.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in compliance with the statutes.  No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded.  Included with this letter is your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice.  Otherwise, your right to sue will be lost.

Sincerely,

_____ for
Kevin Berry
District Director

SEP 15 2018
_____
Date

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Susan LaMonica<br>2024 Hobart Avenue<br>Bronx, NY 10461 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-01094 | Gwendolyn D. Hoy,<br>Investigator | (212) 336-3723 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

SEP 15 2018

(Date Mailed)

Enclosures(s)

cc:
John Kim, Esq.
Associate Counsel
Legal Affairs
NEW YORK CITY HEALTH AND HOSPITAL CORP
125 Worth Street Suite 527
New York, NY 10013

Yetta Kurland, Esq.
THE KURLAND GROUP
160 Broadway
East Building 11th Floor
New York, NY 10038

Enclosure with EEOC

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Jean Phipps
c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:    EEOC Charge No. 520-2018-01095
       Jean Phipps v NYC Health & Hospitals Corp.

Dear Ms. Phipps,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission")
has reviewed the above-referenced charge according to our charge prioritization procedures.
These procedures, which are based on a reallocation of the Commission's staff resources,
apply to all open charges in our inventory and call for us to focus our limited resources on those
cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the
information and evidence you submitted.  You allege you were discriminated against because of
your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes
a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in
compliance with the statutes.  No finding is made as to any other issue that might be construed
as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is
your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this
matter by filing suit against the Respondent named in the charge within 90 days of receipt of
said notice.  Otherwise, your right to sue will be lost.

Sincerely,

_____ for                              SEP 15 2018
Kevin Berry                                      _____
District Director                                Date

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jean Phipps**<br>**3426 Mcowen Avenue**<br>**Bronx, NY 10475** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01095** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

SEP 15 2018
*(Date Mailed)*

Enclosures(s)

cc:
**John King, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPITAL CORP.**
**125 Worth Street Suite 527**
**New York, NY 10013**

**Yetta Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** 2 years (3 years) **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Roslyn Press

c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:   EEOC Charge No. 520-2018-01097
      Roslyn Press v NYC Health & Hospitals Corp.

Dear Ms. Press,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your age and initiating an ultimately successful worker's compensation claim.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for
Kevin Berry
District Director

SEP 15 2018
_____
Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Roslyn Press**
**41 Old Post Road**
**Unit 2**
**Croton On Hudson, NY 10520**

From:  **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01097** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**Kevin J. Berry,**
**District Director**

SEP 15 2018
*(Date Mailed)*

Enclosures(s)

cc:
**John Kim, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPITAL CORP.**
**125 Worth Street Suite 527**
**New York, NY 10013**

**Yetta Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800) 669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Herbert Richardson
c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:   EEOC Charge No. 520-2018-01098
      Herbert Richardson v NYC Health & Hospitals Corp.

Dear Mr. Richardson,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your race and age.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018
_____
Date

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Herbert Richardson**<br>**170-10 130th Avenue**<br>**Apt. 4-E**<br>**Jamaica, NY 11434** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-01098** | **Gwendolyn D. Hoy,**<br>**Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Kevin J. Berry,
District Director

SEP 15 2018
(Date Mailed)

Enclosures(s)

cc:
**John Kim, Esq.**
**Associate Counsel**
**Legal Affairs**
**NEW YORK CITY HEALTH AND HOSPITAL CORP**
**125 Worth Street, Suite 527**
**New York, NY 10013**

**Yetta Kurland, Esq.**
**THE KURLAND GROUP**
**160 Broadway**
**East Building 11th Floor**
**New York, NY 10038**

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Virginia Tufaro
c/o Yetta G. Kurland, Esq.

The Kurland Group
160 Broadway
East Bldg 11th Floor
New York, NY 10038

Re:     EEOC Charge No. 520-2018-01099
        Virginia Tufaro v NYC Health & Hospitals Corp.

Dear Ms. Tufaro,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your age.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____ for

Kevin Berry
District Director

SEP 15 2018
Date

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Virginia Tufaro<br>226-31 Kingsbury Avenue<br>Oakland Gardens, NY 11364 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-01099 | Gwendolyn D. Hoy,<br>Investigator | (212) 336-3723 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

SEP 15 2018
(Date Mailed)

Enclosures(s)

cc:
John Kim, Esq.
Associate Counsel
Legal Affairs
NEW YORK CITY HEALTH AND HOSPITAL CORP.
125 Worth Street Suite 527
New York, NY 10013

Yetta Kurland, Esq.
THE KURLAND GROUP
150 Broadway
East Building 11th Floor
New York, NY 10038

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*