UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CLARENCE BOWEN ALLEN, BRENDA BERMAN,
ANNETTE BIRDSONG, WILLIAM HENRY, JOSE
JACOB, JACQUELINE KING, SUSAN LAMONICA,
JEAN PHIPPS, ROSLYN PRESS, HERBERT
RICHARDSON, VIRGINIA TUFARO, on behalf of
themselves and on behalf of all other similarly situated
individuals,

                Plaintiffs,           19-CV-3786 (WHP)

    -against-                  **FIRST AMENDED**
                                          **COMPLAINT AND**
                                          **JURY DEMAND**

THE CITY OF NEW YORK and NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,

                Defendants.

------------------------------------------------------------------------x

Plaintiffs, by their attorneys, The Kurland Group, 85 Broad Street, 28th Floor, New

York, NY 10004, complaining of the Defendants, allege:


## NATURE OF ACTION

1.       Plaintiff Annette Birdsong (hereinafter "Birdsong") and Plaintiff

Herbert Richardson (hereinafter "Richardson," and collectively "Plaintiffs"), on behalf of

themselves and all other similarly-situated individuals, bring this action against Defendants

City of New York (hereinafter "City") and New York City Health and Hospitals

Corporation (hereinafter "H+H" and collectively "Defendants") to recover damages from

discrimination on the basis of age and race based on Defendants' employment practices.

2.       Plaintiffs allege that Defendants through their acts and omissions have intentionally or otherwise caused discriminatory treatment and effects against them and members of the Class they seek to represent (hereinafter the "Proposed Class") by terminating their employment in violation of the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C.A. §623, *et seq*.; Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000, *et seq.*; the New York State Human Rights Law (hereinafter "NYS HRL"), New York Executive Law §§290, *et seq.*; the New York City Human Rights Law (hereinafter "NYC HRL"), Administrative Code of the City of New York §§8-101, *et seq.*; 42 U.S.C. §1983; as well as violations of Defendants' employment policies and the Rules and Regulations of the City of New York. Plaintiff further alleges Breach of Contract.

## JURISDICTION

3.       This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000.

4.       This Court may exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367.

5.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)(2), as Defendants reside in this district and the events giving rise to Plaintiffs' claims occurred in this district.

## JURY DEMAND

6.       Plaintiffs demand a trial by jury in this action on each and every one of his claims.

2

## PARTIES

7.      Plaintiff Annette Birdsong is 62 years old and identifies as African-American.  She was employed by Defendants at Jacobi from January 2009 until June 2, 2017, when she was terminated from her position as Executive Secretary at Jacobi Medical Center.  Birdsong currently resides at 945 Underhill Ave., #2105 Bronx, NY 10473.

8.      Plaintiff Herbert Richardson is 63 years old and identifies as African-American.  He was employed by Defendants at Jacobi from June 2002 until February 7, 2017, when he was terminated from his position as Associate Director of Support Services at Jacobi Medical Center.  Richardson currently resides at 170-10 130th Ave., #4E Jamaica, NY 11434.

9.      Defendant City of New York is a municipality duly incorporated under the laws of the State of New York and maintains its principle place of business at 260 Broadway, New York, New York 10007.

10.      Defendant New York City Health and Hospitals Corporation is a public benefit corporation established under the laws of the State of New York pursuant to the New York City Health and Hospitals Corporation Act. H+H is the largest publicly financed healthcare system in the country; it provides essential services to more than one million New Yorkers every year in more than 70 locations across the City's five boroughs. H+H maintains its principle place of business at 125 Worth St. New York, NY 10013.  At all times relevant to the instant action, Plaintiffs were employed at Jacobi Medical Center, which is a hospital opened, managed, and maintained by H+H located at 1400 Pelham Parkway South Bronx, NY 10461 (hereinafter "Jacobi").

## PROCEDURAL BACKGROUND

11.     On December 4, 2017, Plaintiffs filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of federal law, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, and received Notices of Right to Sue dated September 15, 2018 (**Exhibit A**).

12.     On December 13, 2018, Plaintiffs initiated the instant litigation by filing a Summons with Notice in New York State Supreme Court, which was served on Defendants on April 8, 2019.

13.     On April 26, 2019, Defendants appeared and filed a Demand for Plaintiffs' Complaint, after which Defendants removed this matter to federal court on April 29, 2019.

14.     On May 7, 2019, the Honorable Williams H. Pauley III held a conference with the parties, at which time the Court directed Plaintiffs to file a Complaint on or before June 28, 2019.

15.     Further, on September 4, 2019, District Judge Pauley held an additional conference with the parties, after which the Court directed that Plaintiff may file an Amended Complaint by October 7, 2019.

16.     Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL BACKGROUND

17.     H+H hospitals like Jacobi have struggled with challenges in their operations due to chronic internal mismanagement that has allowed for systematic problems including

4

but not limited to failures to properly supervise personnel and maintain necessary personnel policies and procedures.

18.     In 2016, Mayor de Blasio, in a purported effort to respond to these problems, announced the "One New York Health + Hospitals Transformation Plan, Bridge to Better Healthcare." This rebranding initiative was alleged to be intended to stabilize H+H hospitals like Jacobi while increasing the quality of services and providing a greater market share of the health care industry for H+H.  The plan specifically promised to preserve jobs and avoid layoffs. *See*, One New York Health + Hospitals Transformation Plan, April 26, 2016, attached hereto as **Exhibit B**.

19.     Despite these promises, however, Defendants used the claim that financial and organizational challenges were due to the fact that there was an excess of employees at H+H. Defendants began implementing a termination initiative which disparately affected older and non-white employees in violation of federal, state, and local laws.

20.     In specific, Defendants engaged in a pattern and practice of terminating longtime employees who were over forty (40) years of age and non-white.  Defendants' stated reason for Plaintiffs' terminations, and the terminations of members of the Proposed Class, was that there was a redundancy in positions.  Defendants further stated that the positions were being eliminated and would not be backfilled.

21.     Despite Defendants' stated position, Plaintiffs allege that Defendants did not seek to eliminate these positions and in fact affirmatively worked to re-fill them by, among other things, advertising the positions.

22.     Furthermore, upon information and belief, many of the individuals who filled the positions were younger and/or white.

23.     Upon information and belief, this layoff initiative sought to give Jacobi the desired rebranded image— namely a young, white, fresh look to compete in New York City's more upscale emerging private health care facilities.  Upon information and belief this image was meant to "attract" this newer population to the hospital to bring in more revenue.

24.     Upon information and belief, H+H worked to create an employee workforce that reflected a demographic to appeal to a potential client base, but in doing so Defendants have run afoul of the law in violation of local, state and federal civil rights statutes by terminating non-white employees and employees over 40 years of age.

25.     Furthermore, regardless of their intent, Defendants engaged in a layoff initiative that had an adverse impact on non-white and older employees in violation of the law.

26.     Throughout 2017, there were no less than an estimated 45 Jacobi employees terminated in this layoff initiative, the overwhelming majority of whom were over the age of 40 and/or non-white.

27.     The chronic mismanagement and disorganization at Jacobi created an environment which allowed such this discriminatory layoff initiative to be implemented without proper scrutiny or protection.

28.     Defendants have engaged in a pattern and practice of age and race discrimination which caused the wrongful termination of older and non-white employees.

29.     Defendants are required to prevent discrimination from occurring in their place of employment under their own employment policies and have failed to do so. *See* H+H Principles of Professional Conduct **Exhibit C**.

30.     Upon information and belief, the decisions to terminate certain individuals at Jacobi in 2017 was made by H+H's central office in connection with the City of New York, and was made based on impermissible considerations such as age and race, instead of merit-based considerations.   Thereafter, Defendants worked together and in concert to execute this termination initiative.

31.     Even if Defendants did not purposefully target or purposefully eliminate employees based on race and age, Defendants' actions in their layoff initiative had an adverse impact on employees who were non-white and over the age of 40 in violation of the law.

32.     As a direct result of the actions and inactions of Defendants, Plaintiffs and the members of the Proposed Class have suffered injuries, the full extent of which are not yet known, and damages and continue to suffer such injuries, including emotional distress and mental anguish. Complainants have also suffered pecuniary damages including but not limited to loss of wages, salaries, benefits, promotional and other employment opportunities.

## **REPRESENTATIVE PLAINTIFFS**

### *Annette Birdsong*

33.     Up until June 2, 2017, Plaintiff Birdsong had been a loyal and hardworking employee of Defendants since January 2009.  However, despite her contributions to the job and positive evaluations, she was wrongfully terminated from her position as Executive Secretary at Jacobi Medical Center.

34.     As Executive Secretary, Plaintiff Birdsong was responsible for a wide range of essential administrative functions such as calendar management, management and staff coordination, and human resources support.

35.     Plaintiff Birdsong was highly qualified for this position through her educational and experiential credentials.

36.     Throughout Plaintiff Birdsong's employment she witnessed directly the mismanagement and disorganization at Jacobi.

37.     These systematic problems supported Defendants' termination initiative, which resulted in the wrongful termination of Plaintiff Birdsong's employment based on impermissible considerations and for pretextual reasons.

38.     Plaintiff Birdsong first learned of this termination initiative in or around May 2017 when she attended a town hall meeting held at Jacobi, in which it was announced that lay-offs would be occurring on June 2, 2017.

39.     Upon information and belief, Defendants already knew at the time of this town hall whose employment would be terminated.

40.     Despite Plaintiff Birdsong's qualifications, experience, and excellent work performance, she was terminated by Defendants on June 2, 2017.

41.     Upon information and belief, Plaintiff Birdsong was wrongfully terminated because of her age and race.

42.     Plaintiff Birdsong has personal knowledge of no less than forty (40) other managerial employees who were terminated by Defendants in the 2017 layoffs, all of whom are over 40 years old, and many of whom are non-white.

*Herbert Richardson*

43.     Up until February 7, 2017, Plaintiff Richardson had been a loyal and hardworking employee of Defendant since June 2002. However, despite his contributions to the job and positive evaluations, he was abruptly and wrongfully terminated from his position as Associate Director of Support Services at Jacobi Medical Center.

44.     As Director of Support Services, Plaintiff Richardson was a senior manager and acted as department head for nine departments. In this capacity, he was the only manager responsible for the oversight and management of these nine departments.

45.     Throughout Plaintiff Richardson's fifteen (15) years of employment with Defendants, he observed mismanagement and disorganization at Jacobi.

46.     In or around July 2016, mere months before his termination, Defendants hired another Associate Director of Support Services who was then given several of Plaintiff Richardson's departments to oversee.  As such, it was not that Richardson's position became redundant, it was that he was replaced with this new employee as part of Defendants' initiative.

47.     Plaintiff Richardson was one of three managers terminated from his Department.  Upon information and belief, all three terminated managers were over 40 years old, and two were non-white.

48.     Additionally, Plaintiff Richardson has personal knowledge of no less than fifteen (15) other managerial employees who were terminated by Defendants in the 2017 layoffs, all of whom are over 40 years old, and most of whom are non-white.

49.     Upon information and belief, Plaintiffs allege they were part of Defendants' pattern of terminating older, non-white employees.   Even if Defendants did not

9

intentionally target non-white and older employees, the result of their actions caused non-white and older employees to be adversely impacted.

50.     Further, Defendants' proffered justification for Plaintiffs' terminations were false and in Plaintiffs' direct experience of Defendants' employment, Jacobi was understaffed resulting in a lack of qualified personnel to the detriment of hospital administration and patient care.

51.     At the time of Plaintiff Birdsong's termination, she was told that her position was being eliminated network-wide due to organizational restructuring and redundancy.

52.     However, upon information and belief, this justification was false. Plaintiff Birdsong's position was not eliminated, but was rather posted to be filled shortly following her termination.

53.     Indeed, Plaintiff Birdsong applied to one of these job openings as Executive Secretary at Jacobi—her application for her prior position went unanswered.

54.     At the time of Plaintiff Richardson's termination, he was told that his job was being eliminated and would not be backfilled.

55.     However, this purported justification was false. Upon information and belief, Plaintiff Richardson's position was backfilled by a younger, white employee who lacks his experience or qualifications for the position. Upon information and belief, this individual was promoted to Plaintiff Richardson's prior position from her previous position as a secretary and continues to perform only clerical functions while holding a managerial title.

## FRCP RULE 23 CLASS ACTION ALLEGATIONS

56.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure (FRCP) on behalf of themselves and all others similarly situated.

57.     The Proposed Class is defined as:

All people who were 40 years old or older and/or non-white whose employment at Jacobi Medical Center was terminated subsequent to the formation of Defendants' layoff policy.

58.     Plaintiffs have standing to seek the relief sought herein, as they are members of the Class they seek to represent and have been harmed by Defendants' unlawful employment practices and policies in the same or similar manner as other members of the Proposed Class.

59.     Plaintiffs seek to secure relief applicable to themselves and the similarly situated Class members; such relief is properly sought in a class action as much of the necessary relief addresses systemic issues of discriminatory policies, procedures, and practices that have harmed all Class members.

60.     Numerosity is satisfied pursuant to FRCP 23(a)(1), as the Class is so numerous that joinder is impracticable. The estimated Class size is no less than 45. Defendants have the ability and control to ascertain an exact class size.

61.     Plaintiffs and the Class have been subject to the same unlawful policies, procedures, and practices of Defendants, including unlawful termination of their employment pursuant to Defendants' layoff initiative.

62.     Due to Defendants' conduct described and alleged herein, Defendants violated federal, state, and local laws knowingly, negligently, and without a good faith

basis, causing pecuniary and emotional damages to Plaintiffs and the Class, the full extent of which is not yet known.

63.     Defendants are liable to Plaintiffs and the Class for these violations for monetary damages, including lost wages and compensatory damages. All relief sought is applicable to the Class as a whole.

64.     Certification of the Class's claims as a class action is the most efficient and economic means of resolving the questions of law and fact common to Plaintiffs' claims and Class claims. Failure to proceed as a class action would result in an impracticable number of individual suits seeking to resolve the same claims with the same evidence. Proceeding on an individual basis would further pose an unnecessary risk of inconsistent adjudications. Additionally, individual Class members face a high threat of being financially unable to seek vindication of their statutory rights through individual claims.

65.     Plaintiffs raise claims typical of the claims of the Class that they seek to represent, as they pursue the same factual and legal theories as the class they seek to represent, and seek similar relief.

66.     Defendants engaged in a pattern of unlawful employment termination that has harmed and affected Plaintiffs and the Class members in substantially the same or similar ways.

67.     Defendants have failed to redress or mitigate the known unlawful consequences of their policies and practices. Plaintiffs and Class members have been harmed by these failures in substantially the same or similar ways.

68.     Plaintiffs and Class members all seek the relief described herein.

69.     Plaintiffs' claims raise questions of fact and law that are common to the Class including:

a.   Appropriate standards for proving discrimination in the termination of the employment of older and non-white employees;

b.   Whether Defendants have engaged in unlawful, systemic discrimination on the basis of race and age through its policies, practices, and procedures in the termination of the employment of older and non-white employees;

c.   Whether Defendants are liable for violations of ADEA, Title VII, NYS HRL, NYC HRL and/or other related statutes.

d.   Whether Defendants' policies, practices, and procedures have led to the termination of older and non-white employees at disproportionate rates than their younger and/or white counterparts;

e.   Whether Defendants intentionally or terminated the employment of older and non-white employees at disproportionate rates than their younger and/or white counterparts.

70.     Plaintiffs seek relief common to the class, namely, monetary relief, including lost wages and benefits, and compensatory damages.

71.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. The interests of Plaintiffs are coextensive with the interests of the members of the proposed Class. Plaintiffs seek to remedy Defendants' discriminatory practices, policies, and procedures so as to remedy past differential treatment and secure equitable relief so that older and non-white employees will no longer face discriminatory

employment practices, policies, or procedures.

72.     Plaintiffs are willing and able to represent the interests of the proposed Class fairly and vigorously, as they would in pursuing their individual claims. Plaintiffs are prepared to assist in the instant litigation and make informed decisions based on the interests of the proposed Class.

73.     Plaintiffs' lawyers are experienced in the litigation of civil rights matters and will vigorously prosecute this action on behalf of the Class. Plaintiffs' counsel has sufficient experience and resources to litigate a class action of this size. Further, as Plaintiffs' counsel has represented Plaintiffs and other Class members in all related litigation and administrative proceedings from 2017 through present, Plaintiffs' counsel is intimately familiar with the procedural and factual history of the instant matter, the factual information underlying Plaintiffs' claims, and is best positioned to litigate this class action. The experience, knowledge, and resources of Plaintiffs' counsel, together with the assistance of Plaintiffs, satisfies the adequacy requirements of FRCP 23(a)(4).

## AS FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

74.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length

75.     The acts, practices, and policies of Defendants, as set forth above, constitute discrimination against Plaintiff, and members of the Proposed Class, on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq*.

76.     Plaintiffs and the members of the Proposed Class are members of a protected class and Defendants' conduct in wrongfully terminating their employment,

14

without justification and in contravention of Defendants' own policies, was impermissibly motivated by race and/or had an adverse impacted based on race contrary to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* and occurred under circumstances giving rise to an inference of discriminatory intent.

77.     As a direct result of Defendants' conduct complained of herein, Plaintiffs and the members of the Proposed Class have suffered damages, including but not limited to loss of income, loss of promotional opportunity, and loss of other employment benefits and have suffered and continue to suffer distress as a result of such deprivation. The full extent of these damages is not yet known.

78.     The actions and inactions of Defendants were willful, and Defendants knew or should have known that its actions constituted unlawful discrimination and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and the members of the Proposed Class.

## AS FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

79.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length.

80.     The acts, practices, and policies of Defendants, as set forth above, constitute discrimination against Plaintiffs, and members of the Proposed Class, on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623.

81.     Plaintiffs and the members of the Proposed Class are members of a protected class and Defendants' conduct in wrongfully terminating their employment,

without justification and in contravention of Defendants' own policies, was impermissibly motivated by age and/or had an adverse impacted based on age contrary to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623 and occurred under circumstances giving rise to an inference of discriminatory intent.

82.    As a direct result of Defendants' conduct complained of herein, Plaintiffs and the members of the Proposed Class have suffered damages, including but not limited to loss of income, loss of promotional opportunity, and loss of other employment benefits and have suffered and continue to suffer distress as a result of such deprivation. The full extent of these damages is not yet known.

83.    The actions and inactions of Defendants were willful, and Defendants knew or should have known that its actions constituted unlawful discrimination and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and the members of the Proposed Class.

## AS FOR THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

84.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length.

85.    The acts, practices, and policies of Defendants, as set forth above, constitute discrimination against Plaintiffs, and members of the Proposed Class, on the basis of race and age, in violation of New York State Human Rights Law, New York Executive Law §§290, *et seq.*

86.    Plaintiffs and the members of the Proposed Class are members of two protected classes and Defendants' conduct in wrongfully terminating their employment,

16

without justification and in contravention of Defendants' own policies, was impermissibly motivated by race and age and/or had an adverse impacted based on race and age contrary to the New York State Human Rights Law, New York Executive Law §§290, *et seq.* and occurred under circumstances giving rise to an inference of discriminatory intent.

87.     As a direct result of Defendants' conduct complained of herein, Plaintiffs and the members of the Proposed Class have suffered damages, including but not limited to loss of income, loss of promotional opportunity, and loss of other employment benefits and have suffered and continue to suffer distress as a result of such deprivation. The full extent of these damages is not yet known.

88.     The actions and inactions of Defendants were willful, and Defendants knew or should have known that its actions constituted unlawful discrimination and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and the members of the Proposed Class.

## AS FOR THE FOURTH CAUSE OF ACTION AGAINST DEFENDANTS VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

89.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length.

90.     The acts, practices, and policies of Defendants, as set forth above, constitute discrimination against Plaintiffs, and members of the Proposed Class, on the basis of race and age, in violation of New York City Human Rights Law, Administrative Code of the City of New York §§8-101, *et seq*.

91.     Plaintiffs and the members of the Proposed Class are members of two protected classes and Defendants' conduct in wrongfully terminating their employment,

17

without justification and in contravention of Defendants' own policies, was impermissibly motivated by race and age and/or had an adverse impacted based on race and age contrary to the New York City Human Rights Law, Administrative Code of the City of New York §§8-101, *et seq*. and occurred under circumstances giving rise to an inference of discriminatory intent.

92.     As a direct result of Defendants' conduct complained of herein, Plaintiffs and the members of the Proposed Class have suffered damages, including but not limited to loss of income, loss of promotional opportunity, and loss of other employment benefits and have suffered and continue to suffer distress as a result of such deprivation. The full extent of these damages is not yet known.

93.     The actions and inactions of Defendants were willful, and Defendants knew or should have known that its actions constituted unlawful discrimination and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and the members of the Proposed Class.

## AS FOR THE FIFTH CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO 42 U.S.C. §1983

94.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length.

95.     By the acts, practices, and policies described above, Defendants have acted under color of law and deprived Plaintiffs and members of the Proposed Class of their statutory civil rights secured through Title VII, NYSHRL, NYCHRL, and 42 U.S.C. § 1981 based on their race.

96.     Plaintiffs and the majority of the Class they seek to represent are non-

white, and therefore members of racial minorities.

97.     Defendants established the policies, practices, and procedures by which Plaintiffs and members of the Proposed Class were terminated, and Defendants at all relevant times maintain exclusive control over these policies.

98.     Defendants knew that their policies, practices, and procedures had the unlawful effect of disproportionately affecting non-white employees, and that this result constituted unlawful conduct on the basis of race.

99.     Defendants nonetheless failed to remedy these policies, practices, and procedures, which led to the perpetuation of racial discrimination.

100.    Defendants knew that their actions constituted unlawful conduct on the basis of race and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and members of the Proposed Class.

101.    This discriminatory treatment concerned the terms and conditions of the contractual employment of Plaintiffs and members of the Proposed Class with Defendants.

102.    As a direct result of the actions of Defendants, Plaintiffs and members of the Proposed Class have suffered injuries and damages and continue to suffer such injuries, including but not limited to loss of wages, salaries and benefits.

## AS FOR THE SIXTH CAUSE OF ACTION AGAINST DEFENDANTS BREACH OF CONTRACT

103.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same full force and effect as if hereinafter set forth at length.

104.    Plaintiffs and the members of the Proposed Class relied on, and agreed to be bound by, Defendants' manuals, handbooks and policies to their detriment.

105.    Plaintiffs and the members of the Proposed Class at all relevant times were employees of Defendants, and Defendants at all relevant times were the employer of Plaintiffs and the members of the Proposed Class.

106.    Plaintiffs and the members of the Proposed Class performed their employment duties satisfactorily, however Defendants breached their obligations to Plaintiffs and the members of the Proposed Class by failing to comport with Defendants' pre-termination procedures.

107.    As a direct result of Defendants' breach, Plaintiffs and the members of the Proposed Class have suffered damages, including but not limited to loss of income, loss of promotional opportunity, and loss of other employment benefits and have suffered and continues to suffer distress as a result of such deprivation. The full extent of these damages is not yet known.

*108.*    The actions and inactions of Defendants were willful, and Defendants knew or should have known that its actions constituted unlawful discrimination and/or showed reckless disregard for the statutorily protected rights of Plaintiffs and the members of the Proposed Class.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Designate this action as a class action;

B. Issue a Declaratory Judgment finding that Defendants discriminated against Plaintiffs and the members of the Proposed Class in violation of the ADEA, Title

VII, New York State Human Rights Law, New York City Human Rights Law, and §1983;

C.   Award Plaintiffs lost wages together with all other benefits to which Plaintiffs are entitled, with prejudgment interest;

D.   Award compensatory and punitive damages due to Defendants' willful and intentional acts directed at Plaintiffs and the members of the Proposed Class;

E.   Award Plaintiffs' reasonable attorneys' fees, expenses and costs of this proceeding;

F.   Such other and further relief as this Court deems just and proper.


Date:   October 7, 2019
        New York, NY


                                        _____~//s//~_____
                                        Erica T. Healey-Kagan, Esq. (EK-0425)
                                        THE KURLAND GROUP
                                        *Attorneys for Plaintiffs*
                                        85 Broad Street, 28th Floor
                                        New York, New York 10004
                                        (212) 253-6911 (t)
                                        (212) 614-2532 (f)
                                        kagan@kurlandgroup.com