```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CLARENCE BOWEN ALLEN et al.,                                            :
                                                                        :
                                        Plaintiffs,                     :
                                                                        :       19-CV-03786 (JMF)
                -v-                                                     :
                                                                        :       MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                                :       AND ORDER
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this putative class action, familiarity with which is presumed, Plaintiffs Annette Birdsong and Herbert Richardson, former employees of Jacobi Medical Center, bring employment discrimination claims against the City of New York and the New York City Health and Hospitals Corporation ("NYC H+H"). In particular, Plaintiffs allege that, as part of a 2017 reorganization of Jacobi Medical Center, Defendants discriminated against "employees who were over forty [] years of age and non-white." ECF No. 22 ¶¶ 18, 20, 26. Plaintiffs now move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for class certification with respect to most, but not all, of their claims. *See* ECF No. 71 ("Pls.' Mem.").[1]

To obtain class certification, a party must first show, by a preponderance of the evidence, that the requirements of Rule 23(a) — namely, numerosity, commonality, typicality, and adequacy of representation — are satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

---

[1] Defendants argue that Plaintiffs' motion should be denied "to the extent" they are seeking to certify a class with respect to claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and for breach of contract. *See* ECF No. 75 ("Defs.' Opp'n"), at 11-12, 21-22. Plaintiffs do not dispute these points in their reply, *see* ECF No. 77, so the Court construes their motion not to encompass their ADEA and contract claims.

350 (2011); *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015).  If the moving party does so, he or she must also demonstrate that the proposed class fits within Rule 23(b). *See, e.g.*, *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015).  Here, Plaintiffs rely on Rule 23(b)(3), *see* Pls.' Mem. 17-19, which requires them to show that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3); *see, e.g.*, *Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 548 (S.D.N.Y. 2022).

      Plaintiffs fail to sustain their burdens under either Rule 23(a) or (b), substantially for the reasons set forth in Defendants' memorandum of law.  In brief, Plaintiffs' motion is premised on the theory that Defendants discriminated against employees who were over forty years of age and non-white as part of a "Managerial Efficiency Improvement Initiative" or "MEII" in 2017.  *See* Pls.' Mem. 6.  As Defendants note, however, the record reveals that there "was no singular MEII," but rather two different MEIIs, one in February 2017 and one in June 2017.  ECF No. 75 ("Defs.' Opp'n"), at 2, 14.  Moreover, the two MEIIs differed in significant respects.  For example, while the June MEII had a standardized organizational chart and specific employee reduction target, the February MEII had neither.  *See id.* at 6-7.  Additionally, different people drafted the two MEIIs at NYC H+H, and different people were involved in implementing them at Jacobi Medical Center.  *See id*. at 6-7, 14.  And ultimately, in the case of each MEII, the relevant decisions were based largely on the views of the leaders of each department, who were entrusted with broad discretion to identify positions suitable for elimination.  *See id*. at 5-6, 8-10.

In light of these facts, Plaintiffs cannot demonstrate commonality or typicality, as is required by Rule 23(a).[2]  Put simply, given the two different MEIIs and the degree to which each employment decision was based on individual department leaders' discretion, Plaintiffs do not, and cannot, show that there is "some glue holding the alleged *reasons* for all [the challenged employment] decisions together . . . [that] will produce a common answer to the crucial question *why was I disfavored*." *Dukes*, 564 U.S. at 352 (emphasis in original); *see also id.* at 355-56 ("[D]emonstrating the invalidity of one manager's use of discretion will do nothing to demonstrate the invalidity of another's."); *Richardson v. City of New York*, No. 17-CV-9447 (JPO), 2021 WL 1910689, at *7 (S.D.N.Y. May 12, 2021) (denying class certification in circumstances similar to those here, namely where individual supervisors were entrusted with discretion to make the relevant employment decisions).  For similar reasons, Plaintiffs fail to show that their claims are typical of those of the class — that is, that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Buffington v. Progressive Advanced Ins. Co.*, No. 20-CV-7408 (PMH), 2022 WL 3598310, at *4 (S.D.N.Y. Aug. 23, 2022).  Among other things, Richardson and Birdsong held only two of the many positions that were eligible for inclusion in the MEIIs, were hired when they were over forty years old, and worked under only one of the department leaders responsible for selecting positions for inclusion in the MEIIs.  Defs.' Opp'n 23-24.

In any event, even if Plaintiffs could satisfy the requirements of Rule 23(a), their motion would be doomed by Rule 23(b)(3)'s predominance inquiry, which is "far more demanding" than the commonality inquiry and "tests whether proposed classes are sufficiently cohesive to warrant

---

[2]  Given that the two MEIIs cannot be combined into one, Plaintiffs' motion may also fail on numerosity grounds.  *See* Defs.' Opp'n 22-23 (arguing the point).  But the Court need not and does not reach the issue.

adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623-24 (1997). Here, there are a litany of individualized issues that would subsume any common issues at trial, including why (and by whom) each position was selected for inclusion in the relevant MEII, whether each of those determinations was tainted with bias, whether Defendants had legitimate, non-discriminatory reasons for each of them, and damages. *See, e.g.*, *Moore v. Publicis Grp. SA*, No. 11-CV-1279 (ALC), 2014 WL 11199094, at *8 (S.D.N.Y. May 15, 2014) (finding no predominance where trial would require "individualized inquiries into the actions of each managerial employee," "individual investigation into liability issues," and "individualized calculation of damages"); *Weiner v. Snapple Beverage Corp.*, No. 07-CV-8742 (DLC), 2010 WL 3119452, at *6 (S.D.N.Y. Aug. 5, 2010) (finding no predominance where trial would require "individualized inquiries as to causation, injury, and damages").

In short, Plaintiffs' motion for class certification must be and is DENIED. The parties shall promptly meet and confer about both settlement and motion practice and, no later than **two weeks from the date of this Memorandum Opinion and Order**, submit a joint letter addressing: (1) whether the parties are still amenable to mediation before summary judgment motion practice, *see* ECF No. 61, at 4; (2) if so, whether they would prefer mediation before the assigned Magistrate Judge or through the Court-annexed mediation program; and (3) a proposed structure and schedule (allowing for any time to pursue settlement, if appliable) for the briefing of any motions for summary judgment or to preclude expert testimony. If both sides still intend to file motions for summary judgment, *see id.*, the parties should propose a briefing schedule that minimizes the number and page lengths of briefs — that is, where one side files an initial motion; the other side files a cross-motion, supported by a single, consolidated memorandum of law in support of the cross motion and in opposition to the initial motion; the initial moving party

files a single, consolidated memorandum of law in reply and in opposition to the cross-motion; and the cross-moving party files a reply.

The Clerk of Court is directed to terminate ECF No. 70.

SO ORDERED.

Dated: September 12, 2022
      New York, New York

                                              JESSE M. FURMAN
                                          United States District Judge