```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CLARENCE BOWEN ALLEN et al.,                                      :
                                                                  :
                                      Plaintiffs,                 :
                                                                  :      19-CV-3786 (JMF)
                -v-                                               :
                                                                  :      MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                          :           AND ORDER
                                                                  :
                                      Defendants.                 :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In a Memorandum Opinion and Order entered on September 12, 2022, familiarity with which is presumed, the Court denied a motion for class certification filed by Plaintiffs Annette Birdsong and Herbert Richardson. *See Allen v. City of New York*, No. 19-CV-3786 (JMF), 2022 WL 4133132 (S.D.N.Y. Sept. 12, 2022) (ECF No. 79) ("Mem. Op."). Plaintiffs now move, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for reconsideration; in the alternative, they move, pursuant to Rules 23(f) and 54(b) of the Federal Rules of Civil Procedure for leave to appeal. *See* ECF No. 84.

Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429 (RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  "[T]he standard for granting [a motion for reconsideration] is strict."  *Id*.  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up).

      Measured against this strict standard, Plaintiffs' motion for reconsideration falls woefully short.  Indeed, most if not all of Plaintiffs' arguments are merely rehashed from their original motion papers and thus not proper grounds for reconsideration.  *See, e.g.*, *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is [not] an occasion for repeating old arguments previously rejected . . . .").  Plaintiffs contend that the Court overlooked *Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245 (S.D.N.Y. 2010), *see, e.g.*, ECF No. 87 ("Pls.' Mem."), at 6; ECF No. 92, at 3, but that thirteen-year-old case is not controlling, was not cited by Plaintiffs in their original motion papers, and does not — as discussed below — even reflect the correct legal standard.  Plaintiffs also invoke *Chalmers v. City of New York*, No. 20-CV-3389 (AT), 2022 WL 4330119 (S.D.N.Y. Sept. 19, 2022), a decision issued a week after this Court's Opinion.  *See, e.g.*, Pls.' Mem. 2 n.2.  But *Chalmers* "did not change 'controlling law'" (nor could it have, as it was a district court decision that is not binding on this Court); "it merely applied settled law — the settled law that the Court applied in its [prior Memorandum Opinion and Order] — to a particular set of facts."  *Guvera IP Pty Ltd. v. Spotify USA, Inc.*, No. 21-CV-4544 (JMF), 2022 WL 16963168, at *1 (S.D.N.Y. Nov. 16, 2022).  Moreover, there are — for reasons Defendants explain — fundamental differences between the circumstances here and the circumstances in *Chalmers*.  *See* ECF No. 91, at 3-5.  Finally, Plaintiffs point to no new evidence and no evidence

2

in the record that the Court overlooked in its prior decision.[1]  At bottom, Plaintiffs merely disagree with the Court's decision.  But that is a reason to appeal, not a basis to move for reconsideration.

In any event, Plaintiffs' motion falls short on its own terms as well.  Most if not all of their arguments proceed from a single premise: that the Court erred by failing to accept the allegations in their pleadings as true.  *See* Pls.' Mem. 6-10.  But that premise is flawed (not to mention belied by Plaintiffs' own citation to record evidence in their original motion).  As the Supreme Court made clear in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) — a decision that post-dated *Shabazz*, upon which Plaintiffs principally rely — "Rule 23 does not set forth a mere pleading standard." *Id.* at 350.  Instead, "a party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Id.* (cleaned up).  To determine if class certification is warranted, a court must conduct a "rigorous analysis," *id.* at 351, and "receive enough evidence, *by affidavits, documents, or testimony*, to be satisfied that each Rule 23 requirement has been met," *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011) (emphasis added); *see Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 464-65 (2d Cir. 2013) ("In evaluating a motion for class certification, the district court is required to make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, and *must resolve material factual disputes relevant to each Rule 23 requirement*.  The Rule 23

---

[1]   In an effort to suggest otherwise, Plaintiffs introduce — no fewer than thirty-five times — a term that did not appear anywhere in their original motion papers: "the One New York Policy."  *E.g.*, Pls.' Mem. 3.  But the new label does nothing to change the fact that, as the Court explained in its prior Opinion, Plaintiffs challenge two initiatives that "differed in significant respects."  2022 WL 4133132, at *1.  If anything, Plaintiffs' motion confirms the Court's prior conclusions, as it acknowledges that there were "two phases of job eliminations" and that different people were involved in each phase "due to staffing changes."  Pls.' Mem. 7 & n.6 (internal quotation marks omitted).

requirements must be established by at least a preponderance of *the evidence*." (cleaned up) (emphases added)); *Richardson v. City of New York*, No. 17-CV-9447 (JPO), 2021 WL 1910689, at *6 (S.D.N.Y. May 12, 2021) ("Courts must conduct a rigorous analysis to determine whether a class action is appropriate, *considering materials outside of the pleadings and weighing conflicting evidence as necessary*." (internal quotation marks omitted) (emphasis added)).  Put simply, a district court must, as the Court did here, "resolve[] factual disputes relevant to each Rule 23 requirement" and weigh the totality of the "relevant facts" to ensure that Rule 23 is met. *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).[2]

As noted, Plaintiffs move in the alternative for leave to appeal the Court's denial of class certification pursuant to either Rule 23(f) or Rule 54(b) of the Federal Rules of Civil Procedure. *See* Pls.' Mem. 21-22; ECF No. 92, at 10.  But neither Rule vests this Court with the authority to grant Plaintiffs the relief they seek.  By its terms, Rule 23(f) states that "*a court of appeals* may permit an appeal from an order granting or denying class-action certification under this rule." Fed. R. Civ. P. 23(f) (cleaned up) (emphasis added).  Consistent with the Rule, the primary case on which Plaintiffs rely for their request, *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134 (2d Cir. 2001), discusses the standard that the *Second Circuit* follows in deciding Rule 23(f) petitions.  *See, e.g.*, *id.* at 137-40 (explaining that the Rule 23(f) standard is extremely deferential to the district court and as such "will rarely be met"); *see also Microsoft Corp. v.*

---

[2]  To the extent that Plaintiffs are correct, it is worth noting that some of their allegations are not well pleaded.  For instance, Plaintiffs assert that "allegations [in their complaint], including but not limited to the[] assertion[s] that 'Defendants engaged in a pattern and practice of terminating longtime employees who were over forty (40) years of age and non-white'" and "'Defendants engaged in a layoff initiative that had an adverse impact on non-white and older employees in violation of the law' . . . must be accepted as true at this stage of the litigation." Pls.' Mem. 6 n.4.  But these allegations are conclusory and thus plainly "disentitle[d] . . . to the presumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

*Baker*, 137 S. Ct. 1702, 1716 (2017) (Thomas, J., concurring) ("Rule 23(f) makes interlocutory orders regarding class certification appealable only with the permission of the court of appeals."). Meanwhile, Rule 54(b) permits a district court to "direct entry of a final judgment" as to a claim even if other claims in the case remain unresolved. Fed. R. Civ. P. 54(b). But "orders granting or denying class certification . . . are inherently interlocutory," *Microsoft Corp.*, 137 S. Ct. at 1706 (internal quotation marks omitted), and thus do not fall within the ambit of Rule 54(b).[3] Accordingly, Plaintiffs' request for leave to appeal from the Court's Memorandum Opinion and Order must be and is denied.

The Court has considered all of Plaintiffs' arguments for reconsideration and for leave to appeal and finds that they are meritless. Accordingly, and for the reasons discussed above, Plaintiffs' motion for reconsideration or, in the alternative, for leave to appeal must be and is DENIED. The parties are reminded that they are to file a joint letter regarding settlement efforts and summary judgment briefing, *see* Mem. Op. at *2, **within two weeks of the date of this Memorandum Opinion and Order**, *see* ECF No. 82.

The Clerk of Court is directed to terminate ECF No. 84.

SO ORDERED.

Dated: January 12, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3] Although Rules 23(f) and 54(b) do not grant district courts authority to permit appeals from the denial of class certification, 28 U.S.C. § 1292(b) does. *See, e.g.*, *Ellersick v. Monro Muffler Brake, Inc.*, No. 10-CV-6525 (FPG), 2017 WL 11675398 (W.D.N.Y. Sept. 26, 2017). But Plaintiffs do not seek leave pursuant to Section 1292(b) and it is highly unlikely they could meet the statute's strict standards. *See id.* at *1.