

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Elisheva L. Rosen**
*Assistant Corporation Counsel*
Phone: (212) 356-3522
Fax: (212) 356-2349
Email: erosen@law.nyc.gov

January 29, 2024

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, rm 2202
New York, New York 10007

       Re:      <u>Allen v. City of New York, et al.</u>
             Index No.: 19-CV-03786

Dear Judge Furman:

      I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants New York City Health and Hospitals Corporation ("H+H") and City of New York ("City") (collectively, "Defendants"), in the above-captioned proceeding. Defendants write regarding Plaintiff's improper submission sub-mission of a sur-reply on January 5, 2024 (ECF Dkt. No. 124). Defendants respectfully request that the Court decline to consider Plaintiff's latest submission and strike it from the docket.

      Plaintiffs cavalierly filed their improper sur-reply without so much as seeking this Court's permission. Though disguised as a "letter … request that the Court disregard the new arguments Defendants raised on reply", this "letter" contains legal arguments addressing Defendants' substantive submissions, thereby making it – in actuality – an improper sur-reply. <u>See</u>, <u>e.g.</u>, <u>Diarra v. City of N.Y.</u>, 2018 U.S. Dist. LEXIS 161895, at *5 (S.D.N.Y 2018) ("Because Plaintiff's letters simply referred to portions of documents that were already introduced in conjunction with Defendant's summary judgment motion and introduced arguments in response to Defendant's reply memorandum, I construed them as a sur-reply and granted Defendant's motion to strike them").

      Your Honor's numerous orders establishing a briefing schedule for the parties' respective motions for summary judgment did not permit the parties to submit a sur-replies.  Further, Rule 4(C) of Your Honor's Individual Rules and Practices expressly states that "[s]ur-reply memoranda will not be accepted **without prior permission of the Court**." (emphasis added). As noted above,

1

Plaintiffs requested no such permission, and instead granted themselves the authority to submit a sur-reply. As Plaintiffs did not request leave of the Court to supplement the pending motions for summary judgment, their sur-reply should be stricken.

Furthermore, Local Civil Rule 6.1(b) does not contemplate that sur-replies are permitted, sur-replies are not explicitly authorized under the Federal Rules of Civil Procedure, and they are not frequently permitted by courts. See, e.g., Tombetta v. Novocin, 2021 U.S. Dist. LEXIS 244587, at *35 (S.D.N.Y. 2021) (striking pro se plaintiff's sur-reply and noting that "Plaintiffs do not have a right to file a sur-reply… [and] [s]ur-replies filed without the court's permission are generally considered improper."); Kapiti v. Kelly, 2008 U.S. Dist. LEXIS 20135, at *FN1 (S.D.N.Y. 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless colley of briefs").

Accordingly, Defendants respectfully request that Plaintiffs' sur-reply (ECF Dkt. No. 124), be stricken. I thank the Court for its attention in this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen

Elisheva L. Rosen
Assistant Corporation Counsel

cc:     all counsel of record (via ECF)

Defendants' motion to strike is DENIED.  The Court reserves judgment on the propriety of Plaintiffs' sur-reply, and on whether the five arguments highlighted in Plaintiffs' January 5, 2024 letter, ECF No. 124, were raised for the first time in Defendants' reply brief and therefore should not be considered.  Plaintiffs' request to file another sur-reply, ECF No. 126, is also DENIED. Defendants are correct that Plaintiffs already filed what is for all intents and purposes a sur-reply without prior authorization from the Court.  Indeed, the letter contains several substantive responses to the five arguments highlighted therein.

The Clerk is directed to terminate ECF No. 125.

SO ORDERED.

January 30, 2024